HENRY S. DENNIS, Receiver, &c., Appellant, *v.* MARY E. CRITTENDEN, Administratrix of LOUIS BARON, deceased, Respondent.

An affidavit in replevin in Justice's Court, under the tenth subdivision of section 53 of the Code, stating that the actual value of the property, according to the deponent's best judgment and belief, is $100, is sufficient to give the justice jurisdiction. It is not necessary that the affidavit should state, in terms, that the value of the property claimed does not exceed $100.

And although, upon the trial of the action, it appears that the property claimed does exceed $100 in value, the justice still does not lose jurisdiction, that depending exclusively upon the statement of the affidavit with reference to value. (EARL, Ch. J., and SUTHERLAND, J., *contra.*)

The rule of evidence excluding the wife from being a witness for her husband, is applicable only where the relation of husband and wife legally exists, and does not extend to the case of a woman cohabiting with a party as his wife, but not married to him.

(Submitted January 15th, 1870; decided March 26th, 1870.)

APPEAL from a judgment of the General Term of the Supreme Court in the seventh district, reversing the judgment for the plaintiff in the Monroe County Court, on a new

trial had there on appeal from a judgment for the plaintiff in justice's court in that county.

The action was replevin, originally commenced before K. J Holmes, justice of the peace in the city of Rochester.

Louis Baron died pending the litigation, and the respondent was substituted as his representative. The plaintiff was appointed receiver of the property of Louis Baron, in proceedings supplementary to execution, and as such claimed a piano as the property of Baron, and commenced the action to obtain possession of it. Baron's defence was that the piano belonged to Matilda Fisher, and not to himself, a person living with him as his wife or mistress. Baron had originally bought the piano and claimed to have sold it to her.

On the trial, Baron offered Matilda Fisher as a witness to prove title in her. She was objected to, as being the wife of B. Evidence was then offered by the plaintiff, showing that she and Baron lived together and she had children by him, that he had called her his wife and had sworn that she was his wife. He then offered to show that he had been previously divorced by a former wife on account of his adultery, and that such former wife was still living. The County Court, upon this evidence, excluded Matilda as a witness, substantially on the ground that she was within the spirit of the statute, rendering a wife an incompetent witness for her husband.

The original affidavit of the plaintiff in Justice's Court, upon which the replevin was based, stated "that the actual value of the piano, according to this deponent's best judgment and belief, is $100." Before answering in Justice's Court, the defendant objected that the affidavit was insufficient to give jurisdiction; and in his answer alleged the piano to be worth $300. It appeared in proof before the justice that the piano was worth, and the jury in that court assessed its value at, $180.

The defendant in the County Court moved for a reversal on the ground that the affidavit did not confer jurisdiction on

the Justice's Court, and that the justice had not jurisdiction, the piano being worth more than $100.

The Supreme Court, at General Term, reversed the judgments of the Justice's and County Courts, and ordered restitu tion to the defendant. They held the affidavit did not confer jurisdiction, and also that Matilda Fisher was improperly excluded as a witness.

*John Van Voorhis*, for the appellant.

*George Rainer*, for the respondent.

Earl, Ch. J. The plaintiff was appointed receiver of the property of the original defendant, Louis Baron, in proceedings supplementary to execution and commenced this action in Justice's Court to recover possession of a piano. The plaintiff, to lay the foundation for his action, presented an affidavit in which all that was stated as to the value of the piano, is as follows : " That the actual value of said property, according to this deponent's best judgment and belief, is $100." Before answering in Justice's Court, the defendant took the objection, that the affidavit was defective in not stating that the value of the piano " did not exceed the sum of $100." The defendant in his answer stated that the piano was worth $300, and that the justice, therefore, did not have jurisdic. tion of the subject-matter of the action. The plaintiff recovered a judgment in Justice's Court. His own evidence showed the value of the piano to be $180, at which sum the jury assessed its value. The defendant appealed to the Monroe County Court, where the cause was retried. The defendant again objected to the jurisdiction of the court and the sufficiency of the affidavit, on account of the value of the property. The court overruled the objection and the jury again found for the plaintiff, assessing the value of the property at $200. From the judgment of the County Court the defendant appealed to the Supreme Court, and it reversed the judgment of the County Court and of the justice, and ordered restitution of the piano. From the judgment of the

Supreme Court at General Term, the plaintiff has by permission appealed to this court. Since the appeal to this court, Baron died, and the defendant was substituted in his place as his administratrix.

Section 53 of the Code provides that justices of the peace shall have civil jurisdiction in the actions specified in ten subdivisions of that section, the tenth of which is as follows: "An action to recover the possession of personal property claimed, the value of which as stated in the affidavit of the plaintiff, his agent or attorney, shall not exceed the sum of $100." It is then provided, in the same subdivision, that before any process shall be issued in such action, the plaintiff shall make proof by affidavit, showing, among other things, "the actual value" of the property claimed. The true construction of this section, so far as the question under consideration is concerned, seems to me quite clear. All that is required in the affidavit, as to value, is that the actual value be stated, and if the value as thus stated does not exceed $100, then it presents a case within the jurisdiction of the justice. It is not required of the affidavit that it shall in terms state that the value of the property does "not exceed the sum of $100." This language does not appear in that portion of the section which specifies what shall be shown by the affidavit, but in that portion of the section conferring the jurisdiction in this class of actions. The object was to confer jurisdiction where the value of the property did not exceed $100, and this fact must appear in the affidavit. Where an affidavit states "the actual value" under the requirements of this section, it is not a fair criticism, that it may be worth much more, and that all the affiant means is, that it is worth as much as the sum which he names as the actual value. When a witness under oath is called upon to state the actual value of property, he can be indicted for perjury, if he knowingly and corruptly over-states or under-states its value. Hence, I am of the opinion that the affidavit was sufficient. But the action should have been dismissed for the want of jurisdiction, upon the ground that it appeared upon the trial

that the piano exceeded $100 in value. If a plaintiff should swear ignorantly, innocently or corruptly, that the property claimed was worth not to exceed $100, and it should appear upon the trial to be worth $500, it would be a case beyond the jurisdiction of the justice, and he would be bound to dismiss it; and this he could do at any stage of the trial, either when it so appeared upon the evidence or when the jury found it. In this case it appeared, by the undisputed evidence on both trials, and by the findings of the juries, that the piano was worth more than $100, and for this reason the plaintiff should have been defeated.

Baron had been divorced from a former wife, who was still living, on account of his adultery, and he was forbidden to marry again during her life. For several years before the trial, he had lived and cohabited with Matilda Fisher, had children by her, and called her his wife; but there was no direct or express proof that they were married. The defendant, in his answer, alleged that the piano belonged to her, and on the trial he offered her as a witness in his behalf. She was objected to by plaintiff, and excluded by the court, on the ground, that while she was not the lawful wife of Baron, her relations to him were such as to bring her within the principle excluding the wife. In this, I think, the County Court erred. As Baron could not contract a legal marriage (2 R. S., 147, § 49), his intercourse with the woman Fisher was adulterous and their children were illegitimate. She was in no sense recognized by the law as his wife. The exclusion of the wife, as a witness for or against her husband, depended, before the recent law, upon reasons of public policy, applicable solely to cases where the lawful relation of husband and wife existed. (*Hasbrouck* v. *Vandervoort*, 5 Seld., 153; *People* v. *Mercien*, 8 Paige, 50; *Batsthews* v. *Golindo*, 15 Eng. Com. Law., 88.) The rule was, that the witness was not to be excluded unless *de jure* the wife of the party.

I therefore reach the conclusion, upon both grounds, that there was error in the County Court, and that the judgment of the General Term must be affirmed.

SUTHERLAND, J., concurred with EARL, Ch. J.

LOTT, J., thought that, if the affidavit properly stated the property to be worth but $100, the justice was not ousted of jurisdiction by its appearing that the property was in fact worth more than $100. He thought the statute made the jurisdiction of the justice depend exclusively upon the statement of value in the affidavit. He was, therefore, for an affirmance of the order of General Term, reversing the judgment of the County Court; but for modifying it, by ordering a new trial in the County Court.

FOSTER, HUNT, GROVER and INGALLS, JJ., concurring with LOTT that there should be a new trial in the County Court.

Judgment of the General Term affirmed, with the modification that there should be a new trial in the County Court.

SMITH, J., did not sit.