MARGARET FINN, RESPONDENT, *v.* TIMOTHY FINN, APPELLANT.

*Divorce — testimony of parties to action for — competency of.*

In an action for divorce on the ground of adultery the testimony of one, who, when offered as a witness, by the evidence thus far taken and the pleadings, appears to be the husband of the other party, is inadmissible under section 2, chapter 887 of the Laws of 1867.

The words "except to prove the fact of marriage" in that act refer to the marriage which took place between the parties, and it is not competent thereunder for a party to testify to a previous marriage for the purpose of showing that his subsequent marriage to his adversary in the action was void.

APPEAL from an order denying defendant's motion for the con firmation of a referee's report and for judgment thereon, and setting

aside, vacating and discharging the referee's findings and report in an action for divorce on the ground of adultery.

The complaint averred that the plaintiff was duly married to the defendant on a certain day, and that she continued to live with him as his wife till a certain date, being for about ten years. The answer admitted the allegations except that it denied that he was ever married to the plaintiff " only as hereinafter stated." The statement afterwards made in the answer was, that " at the time of the marriage with the plaintiff stated in the complaint," the defendant was and had long been a married man, etc.

The defendant, under objection, testified to a marriage contracted between him and one Catherine, at a date several years previous to his marriage with the plaintiff ; he testified to his seeing said Catherine at a date about ten years after his marriage with the plaintiff, and that he had not been divorced from Catherine before he married the plaintiff, and that Catherine had not been imprisoned for life.

The referee dismissed the complaint, and the Special Term set aside his conclusions and directed a new trial. The defendant appeals.

*H. Boardman Smith*, for the appellant.

*Jno. T. Davidson*, for the respondent.

LEARNED, P. J.:

The appellant urges that there was no competent proof that the defendant was the husband of the plaintiff, and that, therefore, he was admissible as a witness. The fact that a marriage had taken place between the parties is alleged in the complaint. It is admitted in the answer ; only the defendant avers a prior marriage with Catherine, and hence the invalidity of that between him and the plaintiff. This is the averment of a distinct fact, not connected with the fact of the second marriage. The admission plainly means that the ceremony had been performed between plaintiff and defendant. That is enough *prima facie*.

Very possibly, to authorize a divorce, the court will require other proof of marriage than by admissions of the parties. This is a rule

of public policy. (See, however, Law of 1867, chap. 887, § 2.) But this case necessarily came before the Special Term. (Rule 92, *Blott* v. *Rider*, 48 How., 90.) And it has been sent back for further proof, or a new trial; and then affirmative proof of the marriage may be given. When the defendant was offered as a witness there was enough *prima facie* to show that he was the plaintiff's husband. .

The appellant again urges that he was properly admitted as a witness; because he was to show, and did show, that he was not the plaintiff's lawful husband, and that if he was not her husband he was competent. But as the case stood, when he offered himself, there was evidence by admissions at least, that a marriage contract had been made and consummated between the parties. True, if that marriage was void, so that the defendant was not the plaintiff's husband, then the disability as a witness did not apply. (*Dennis* v. *Crittenden*, 42 N. Y., 542.) That case, however (cited by the appellant), does not show that the invalidity of the marriage may be shown by the testimony of one who, when offered as a witness, appears to be the husband or wife of the other party.

After hearing the defendant testify the referee might hold, as a matter of fact, that no prior marriage had taken place. So that the admissibility of the witness would depend on the conclusion of the referee, after the witness had given his testimony. "In bigamy," says Mr. Best, "the second wife or husband is competent, *after* proof of the first marriage." (1 Best Evid., § 177.)

The appellant further urges that he was competent under the present statutes. The decision of *Matteson* v. *New York Central Railroad Company* (62 Barb., 364), cited by the appellant, although published in 1872, was made ten years before that date. During the time that had elapsed after the decision was made, and before it was published, the language of the Code had been changed. We must take the Code as it stands now. Section 398 removes the objection that the appellant was a party. Chapter 887, Laws of 1867, to a certain extent, removes the objection that he was the husband of the plaintiff. (*Southwick* v. *Southwick*, 49 N. Y., 510.) But section 2 of that act provides that husband and wife shall not be competent to give evidence for or against each other "in any action or proceeding for divorce on account of adultery (*except to prove the fact of marriage*)." The appellant insists that the excep-

tion renders him competent, in this case, to show a prior marriage, and thus to prove that the marriage which took place between him and the plaintiff was void.

The case of *Bissell* v. *Bissell* (55 Barb., 325), cited by the appellant, was not an action for divorce on the ground of adultery, and therefore has no application.

In an action like the present, the only matter as to which the statute makes the parties competent is to prove the fact of marriage. This refers to the marriage between them — to the contract which actually took place. It would be a forced construction to hold that this exception permits husband or wife to prove some independent fact, because such independent fact shows that the marriage which took place between them was void.

For these reasons the order appealed from should be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order affirmed, with ten dollars costs and printing disbursements.