### THE PEOPLE v. JOSIAH BENNETT.

*Adultery—Proof of legal marriage.*

In a prosecution for adultery it is not enough to show the prior marriage of the accused to a woman under the legal age, without showing that she acquiesced in the marriage on arriving at the age of consent and before the offense.

Exceptions before judgment from Lenawee. Submitted June 19. Decided June 21.

ADULTERY. Respondent was convicted.

Attorney General *Otto Kirchner* and *W. A. Underwood,* prosecuting attorney for Lenawee county, for the People.

*Millard & Bean* for respondent.

GRAVES, J. The defendant was convicted of adultery committed in October, 1877, with an unmarried female, and of course to justify conviction it was necessary to prove that the defendant was a married man at the time the act was committed.

To satisfy this requirement the prosecution sought to prove that on August 6, 1876, a marriage was in fact celebrated between defendant and one Lydia Smith at Adrian in this State by one Roswell Kimball, a minister of the gospel; and the chief evidence adduced consisted of a certified transcript from the records of the county clerk of a paper purporting to have been made and recorded as a marriage certificate given by Robert Kimball, who described himself as "minister."

This paper set forth that the parties were joined in matrimony on the 6th day of August, 1876, and that the said Lydia Smith at that time was within the age of full legal consent, that is to say, sixteen years.

The court received this as evidence to show a valid marriage and allowed the jury to consider it as proof that the parties were husband and wife when the alleged

offense was committed over a year later. In this the court erred.

Miss Smith being under the age of legal consent, as the proof given by the prosecution expressly showed, it could not make out that a valid marriage was subsisting more than a year later.

True, there was evidence tending to show that these persons cohabited after the ceremony, but it also tended to show they did so but for a short time only. And even this piece of evidence was not submitted as showing or going to show the fact of a legal marriage; but the jury were advised that the celebration described in the paper was of itself sufficient to make out a legal marriage, if Kimball was a minister qualified to officiate. No evidence was given that the separation which seems to have occurred soon was not by Miss Smith's withdrawal before reaching sixteen and before the alleged offense, and it was competent for her to separate before reaching that age and refuse to cohabit (see *People v. Slack*, 15 Mich., 193), and if such was the case, then there was no existing marriage and the act charged was not adultery.

The conviction must be set aside and the court is advised to grant a new trial.

The other Justices concurred.