2. The indictment being for an assault with intent to murder, and alleging that with a pistol, a rock and a large stick the accused did assault, beat and shoot a named person; a conviction thereon could be had for shooting at that person, and there being evidence that the accused shot a pistol, making thereby a wound upon the person named in the indictment, although there was conflicting evidence both as to the shooting and the cause of the wound, there was enough on which to base a charge to the jury authorizing them, if they thought the evidence warranted it, to find the defendant guilty of the minor offense of shooting at another.

3. The sentence having been pronounced in October, it was too late to except thereto on the following June. There was no error in denying a new trial, or in refusing to arrest the judgment.

October 8, 1894.                               *Judgment affirmed.*

· Indictment for assault to murder. Before Judge CLARK. Rockdale superior court. April term, 1894.

Defendant was found "guilty of shooting at another." He moved in arrest of judgment, on the grounds, that the verdict did not find him guilty of any offense under the law, and that it was a special and not a general verdict and therefore illegal. He also moved for a new trial on the general grounds, and because the court charged the jury that he could be found guilty of shooting at another. He excepted to the overruling of these motions, and to the sentence of the court. The verdict was rendered and the sentence pronounced at the October term, 1893. The two motions were overruled in May thereafter.

A. C. McCALLA, J. R. IRWIN and J. N. GLENN, for plaintiff in error. J. S. CANDLER, solicitor-general, *contra.*

---

## WRYE *v.* THE STATE.

BLECKLEY, C. J.—1. It being shown by evidence that the accused had a lawful wife who was still alive when he married another woman, the second marriage was void and did not render this woman incompetent to testify against him as a witness in a criminal case.

2. The statement of the accused to the court and jury, if true, making a case of manslaughter, and he being indicted and on trial for

murder, it was error, after charging correctly on the statement, to add: "If the statement is a statement in your judgment which demonstrates his innocence and you believe that statement to be the truth of the case as I have just stated to you, you have the privilege and it would be your duty in that case to acquit him upon it. On the other hand, if you do not believe that statement to be such a statement as demonstrates his innocence, or if you believe that statement to be untrue, then you may accept the sworn testimony in place of it."                                          *Judgment reversed.*
October 8, 1894.

Indictment for murder. Before Judge GAMBLE. Tatt-nall superior court. April term, 1894.

GARRARD, MELDRIM & NEWMAN, HINES & FELDER, LEE & GILES and A. H. DAVIS, for plaintiff in error.

J. M. TERRELL, attorney-general, and B. D. EVANS, solicitor-general, by HARRISON & PEEPLES, *contra.*

---

## IRBY v. THE STATE.

BLECKLEY, C. J.—1. The showing for a continuance not stating that the witness who was confined in the county jail was too unwell to appear and testify, there was no error in denying the continuance; the court, at the conclusion of the State's evidence, offering to have the witness brought from the jail for the purpose of testifying in behalf of the accused, and the offer being declined.

| 95 | 467 |
|----|-----|
| 103 | 389 |

| 95 | 467 |
|----|-----|
| 114 | 855 |
| 114 | 856 |

| 95 | 467 |
|----|-----|
| 118 | 758 |

| 95 | 467 |
|----|-----|
| 125 | 586 |

2. Before admitting a confession in evidence, the presiding judge should see to it that the confession was made freely and voluntarily; but where it affirmatively appears by the witness who heard the confession, that he held out no inducement and did nothing to excite either hope or fear and knew of nothing done by others to induce the confession, it is *prima facie* admissible, and the court, before admitting it, is not bound to hear evidence offered by the accused which might show coercion or the excitement of fear or hope as inducement to confess. Such evidence, however, may afterwards be adduced to the jury, and it will be for them to determine, under all the evidence submitted, whether or not the confession was free and voluntary. *Dawson* v. *The State,* 59 *Ga.* 333.

| 95 | 467 |
|----|-----|
| 129 | 251 |
| 129 | 252 |

3. There being nothing in the evidence or in the prisoner's statement tending to show that the confession admitted in evidence was influenced by reward or the hope thereof, a request to charge the jury that the confession should not be considered if the jury believed, from the evidence and the statement of the defendant taken