PEOPLE *v.* SCHOONMAKER.

1. MARRIAGE — MINORS — CONSENT OF GUARDIAN — AUTHORITY OF PROBATE JUDGE.

Under Act No. 180, Pub. Acts 1897, § 1, authorizing the judge of probate to issue a license and perform the marriage ceremony in certain specific cases where one of the parties is under the marriageable age, when the application for the license is accompanied "by the written request of the parent or guardian," if the minor is an orphan having no guardian, one must be appointed, and his written request obtained, before the probate judge is authorized to act.

2. SAME—AVOIDANCE.

Under 2 How. Stat. § 6224, providing, in case of marriage of parties either of whom is under the age of consent, that if they shall separate during such nonage, and not cohabit together afterwards, the marriage shall be deemed void, without legal process, the marriage is to be deemed void whenever, after the minor comes of age, the question of its validity may arise, and it appears that there has been no actual cohabitation from a time during the nonage, unless the failure to cohabit is due to desertion of the minor by the other spouse.

3. SAME—STATUTORY RAPE—EVIDENCE.

In a prosecution for statutory rape, it may be shown, to enable the prosecutrix to testify, that no lawful marriage ever

took place between her and respondent, though they went through the ceremony.

4. EVIDENCE—COMPETENCY—HARMLESS ERROR.
    Whether the court was in error in admitting certain documentary evidence is immaterial where the facts upon which it bore were otherwise established.

Exceptions before judgment from Emmet; Adams, J. Submitted November 18, 1898.   Decided January 20, 1899.

Earl Schoonmaker was convicted of statutory rape. Conviction affirmed.

*B. T. Halstead,* for appellant.

*Fred A. Maynard,* Attorney General, and *Clay E. Call,* Prosecuting Attorney, for the people.

MONTGOMERY, J.   This case has once been before this court for review.   The opinion on the former hearing will be found reported in 117 Mich. 190.   On the second trial the respondent was again convicted.   On the second trial it appeared in evidence that the parties went through the ceremony of marriage before the judge of probate, and that this marriage took place on petition of Maude Breen, without any consent by a guardian; that, after the ceremony, the parties made arrangements to go to housekeeping, but never in fact lived together, either before or after the witness arrived at the age of consent, she being, at the time the testimony was given, 16 years and 3 months of age, or thereabout.   Two questions are presented: *First,* whether the marriage was a valid marriage under Act No. 180 of the Public Acts of 1897; and, *second,* whether the marriage was void under the general statute.

1. Section 1 of the act of 1897, above referred to, confers authority upon the judge of probate to issue a license and perform the marriage ceremony in certain specific cases, viz. :

· "Where the female is with child, or where she has been living with some man as his wife, in cases in which the application for such license is accompanied by the written request of the parents of both parties, if living, and their guardian or guardians, if either or both of the parents are dead, or by the written request of the parent [or guardian] of the minor where only one of the parties is under the marriageable age now fixed by the statute, when, according to his judgment, such marriage would be a benefit to public morals."

The circuit judge held, in effect, that this statute conferred a special authority upon the judge of probate, and, before that officer is authorized to act, the conditions fixed by the act must be complied with. We think this ruling right. This statute had a special purpose, and the marriage of young children, under the age of consent fixed by the general statute, was safeguarded by a requirement that there be a consent by the parent or guardian. It is contended that the statute should be so construed as to require the assent of the guardian in case the infant already have a guardian; but such a construction would, in our judgment, amount to an extension of the statute. The provision requiring the assent of the guardian was doubtless inserted with the view that the guardian would have opportunities not afforded a probate judge for making investigation of the character and ability of the contracting parties, with a view to determining the propriety or desirability of a marriage between them.

2. The witness Maude Breen was, at the time of the ceremony, under the age of 16 years, and incapable of making a full contract of marriage, under sections 6209 and 6210, 2 How. Stat. The question is therefore presented whether, under section 6224, the voidable marriage was avoided at the time the testimony was given on this trial. This section provides that in case of a marriage solemnized when either of the parties was under the age of consent, if they shall separate during such nonage, and not cohabit together afterwards, the marriage shall be deemed void, without any decree of divorce or other legal

process. In the case of *People* v. *Slack*, 15 Mich. 193, it was held that a marriage between two parties, one of whom was under the legal age of consent, was voidable merely, and not absolutely void, and when, as appeared in that case, the party to the marriage who was of full age deserted the other, the marriage had not ceased to be binding upon him; the court treating the word "separation," as used in the statute, as signifying a voluntary separation. Upon this point there was an able dissent by Mr. Justice CAMPBELL, but the rule of the majority opinion has too long prevailed to be now open to question. In that case, however, there was cohabitation immediately following the marriage, and continuing until the desertion of the wife by the husband. In the present case the witness never, after the marriage, cohabited with the husband. She testifies that, at the time of the marriage, it was her intention to live with respondent; that, shortly after the marriage, she went to the house of her stepfather, intending to return to respondent; that this was understood between herself and respondent; but she did not in fact return to him, and has never cohabited with him since she reached the age of consent, nor is there any evidence of a present purpose to do so. Clearly, the marriage has never been ratified or validated in the manner contemplated by the section above quoted. Does it then continue for all time a marriage merely voidable? If so, this woman, for some purposes, is to be treated as respondent's wife during life, although she has not, since reaching the age of 16, cohabited with him, or exhibited any intention of doing so. We think the statute cannot be so construed. It provides that such a marriage, not followed by cohabitation after the disability of nonage is removed, shall be deemed void, without any decree or order of the court. When deemed void? Clearly, whenever, after the disability is removed, the question may arise, and when it appears that there has been no cohabitation, unless such failure to cohabit is due to the desertion of the minor spouse, in which case the willingness to cohabit may be

treated, upon the authority of *People* v. *Slack*, as equivalent to continued cohabitation. See *People* v. *Bennett*, 39 Mich. 208. We think the testimony of Maude Breen was properly admitted. It is competent to show that no lawful marriage ever took place, even though the parties went through the ceremony. 29 Am. & Eng. Enc. Law, 633.

Objection was made to the certified copy of the license, etc., given out by the secretary of state; but the testimony of the witness Maude Breen showed the absence of any request by a guardian, and, as the question of competency was for the court, this testimony was sufficient to prove the fact, and it is unimportant whether the objection to the documentary evidence is well or ill founded.

The charge of the court we find full and fair, and sufficiently favorable to respondent.

The conviction is sustained.

HOOKER, MOORE, and LONG, JJ., concurred. GRANT, C. J., did not sit.