GEORGE B. CLARK, *alias* M. M. French,

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed February 17, 1899.*

1. WITNESSES—*parties to void marriage may testify against each other.*
A void marriage does not operate to disqualify either party from
testifying against the other.

2. SAME—*when testimony of alleged wife is competent in criminal case.*
In a prosecution for forgery the alleged wife of the accused is
properly permitted to testify against him upon proof that he had
a wife living when the marriage ceremony with the witness took
place, which is not contradicted by the accused though he took the
stand in his defense.

WRIT OF ERROR to the Criminal Court of Cook county;
the Hon. A. N. WATERMAN, Judge, presiding.

GEORGE E. LEONARD, for plaintiff in error.

EDWARD C. AKIN, Attorney General, (C. A. HILL, and
B. D. MONROE, of counsel,) for the People.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Plaintiff in error was convicted of the crime of for-
gery on the 30th day of March, 1898, in the criminal court
of Cook county. The only evidence of his guilt was the
testimony of a witness answering to the name of Mrs.
Frances Green. Her competency was questioned and her
evidence objected to on the ground that she was the wife
of the defendant. The objection was overruled and she
was permitted to testify. The only error assigned is the
correctness of that ruling.

It appeared from the witness' own statement that a
marriage ceremony had been performed between herself
and the defendant on the first day of November, 1897,
he at that time assuming the name of George B. Clark.
She further testified that she afterwards learned that

his real name was George B. Van Fleet, and that he had, at the time of her marriage to him, a wife living in the State of Ohio; that about the 7th of December, 1897, she found in his trunk a paper, which she identified as being in his handwriting, as follows: "My name is George B. Van Fleet; former residence, Wakeman, Ohio, Huron county. I left a wife and family there September 29, 1887, and have not heard from either since, up to this time. December 13, 1891; March 10, 1895; June 16, 1895; April 25, 1896." She also testified that upon her finding that paper he admitted to her that he was married in Ohio and left a wife there. Martin Denman, a witness who had known the defendant for many years in the State of Ohio, testified that the defendant was married there; that he knew the wife; that he had recently left the neighborhood in Ohio where that wife resided and that he learned from her neighbors that she was still alive. The defendant was a competent witness in his own behalf, and testified upon the trial, but made no denial whatever as to his having a wife living in the State of Ohio at the time of his pretended marriage with the witness Mrs. Green. We think the evidence sufficiently established the fact that on the first day of November, 1897, when he entered into the marriage ceremony with the witness, he had a wife living from whom he had in no way been legally separated. The law is that where parties enter into a marriage contract and one of them has at the time a living spouse from whom he or she has not been legally divorced, the marriage is, as to the other party, absolutely void. (*Cartwright* v. *McGown,* 121 Ill. 388.) "Where the supposed marriage is void the alleged husband and wife are competent witnesses for or against each other, even though they believe themselves to be lawfully married." 29 Am. & Eng. Ency. of Law, 633.

The case of *Lowery* v. *People,* 172 Ill. 466, cited by counsel for plaintiff in error as holding the witness incompetent, is not in point.

We think the court below committed no error in overruling the objection to the competency of the evidence of Mrs. Green.    The judgment of conviction will accordingly be affirmed.    ·

.                                    *Judgment affirmed.*