LEVI A. YOUNG, Appellant, *v.* JOHN E. CAREY, Respondent.

(County Court, Schenectady County, October, 1899.)

Replevin — In a Justice's or a City Court, unless plaintiff replevies before judgment, he need not show the value of the chattel — Jurisdiction.

> Where the plaintiff brings an action in a City Court, whose powers and jurisdiction are analogous to those of a Justice's Court, to recover a chattel, and does not require it to be replevied before judgment, he need not show, by affidavit, that its value does not exceed the sum of money fixed by statute (Laws of 1893, chap. 563) as the limit of the jurisdiction of the City Court in such an action.

APPEAL from a judgment of the City Court of Schenectady, dismissing plaintiff's complaint.

John D. Mullen, for appellant.

R. J. & Frank Cooper (R. J. Cooper, of counsel), for respondent.

STRONG, J. This is an appeal from a judgment of the City Court of Schenectady dismissing the plaintiff's complaint. The action was brought in the court below to recover possession of a chattel, alleged to have been wrongfully withheld or detained by the defendant from the plaintiff. On the trial of the action, the defendant moved to dismiss the complaint on the ground that no affidavit as to the value of the chattel sought to be recovered had been made by the plaintiff, as required by subdivision 7, section 2862 of the Code of Civil Procedure, and that, therefore, the City Court had no jurisdiction of the subject-matter of the action. This motion was granted, and from the judgment dismissing the complaint entered thereon this appeal is taken. The City Court of Schenectady is a local court created by chapter 631, Laws of 1893. Its powers and jurisdiction are those possessed by courts of justices of the peace (id., § 3), and its proceeding and practice, including appeals, are governed by the provisions of the Code of Civil Procedure relating to Justices' Courts, excepting as otherwise provided by that act. Id., § 5. The special provisions pre-

scribed by this statute for the City Court do not affect the question raised on this appeal, which, it is admitted on both sides, is to be determined by the provisions of the Code of Civil Procedure relating to a like action in the ordinary Justice's Court. The sole question arising upon this appeal is, whether in an action for the recovery of a chattel brought before a justice of the peace, where the chattel is not sought to be replevied before judgment, an affidavit stating its value and showing that it does not exceed $200 ($500 in the City Court of Schenectady), must be made by the plaintiff. Section 2862, Code of Civil Procedure, defines specifically the jurisdiction of a justice of the peace; subdivision 7 of this section, read in connection with its introductory clause, declares that a justice of the peace has jurisdiction in " An action to recover one or more chattels, with or without damages for the taking, withholding, or detention thereof, where the value of the chattel, or of all the chattels, as stated in the affidavit made on the part of the plaintiff, does not exceed two hundred dollars." Chapter XIX of the Code, of which section 2862 is part, relates, as its title shows, to " courts of justices of the peace, and proceedings therein." Article fifth of title I of this chapter is entitled " Replevin." Section 2919 in that article provides that "An action to recover a chattel, with or without damages for the wrongful taking, withholding or detention thereof, can be brought before a justice of the peace in the county in which the chattel is found, in a case, and subject to the qualifications, specified * * * in subdivision seventh of section two thousand eight hundred and sixty-two of this act." The following section, section 2920, provides that the plaintiff may, when a summons is issued in such an action, but not afterwards, require the chattel to be replevied, as prescribed in that article, and that for that purpose he must deliver to the justice " an affidavit and an undertaking required to be delivered to a sheriff, as prescribed in sections one thousand six hundred and ninety-five, one thousand six hundred and ninety-seven, one thousand six hundred and ninety-nine, and one thousand seven hundred and twelve of this act." The sections of the Code last referred to are those contained in article 1, title 2, chapter 14 of the Code, which article relates to an action to recover a chattel brought in courts of record. By section 1694 of the Code, the plaintiff may, when the action is brought in a court of record, at the time the summons is issued or at any time after-

wards before the service of defendant's answer, cause the chattel to be replevied, upon delivery to the sheriff of an affidavit, undertaking and a written requisition, requiring the sheriff to replevy the chattel described in the affidavit. Section 1695 declares what this affidavit shall contain, which is substantially to the effect that the plaintiff is the owner of the chattel, or entitled to the possession thereof, its wrongful detention by the defendant, the alleged cause of such detention, that the chattel was not taken under a tax warrant, execution or warrant of attachment, or, if so taken, that it was unlawfully taken or was exempt therefrom. In the Justice's Court, as in the higher courts, the Code provides for an action for the recovery of a chattel, and as an incidental right or remedy, the right of the plaintiff to require the chattel to be replevied before judgment. Whether this remedy of immediate replevin shall be used or not is left, by section 2920, wholly optional to the plaintiff in the Justice's Court, as it is by section 1694 to the plaintiff in a court of record in a like action. That the plaintiff may prosecute this action to judgment in a Justice's Court, without requiring the property to be replevied when the summons is issued, is very clearly shown by reference to section 2933 of the Code, which, in express terms, directs the justice to hear and determine the action when the summons has been personally served, or there has been an appearance by the defendant, although the plaintiff has not required the chattel to be replevied; and by further reference to sections 2931 and 1730, which prescribe the form of the judgment to be rendered in such a case, viz., that possession of the chattel be awarded the plaintiff, if he be entitled to judgment, or for the value thereof as fixed by the verdict or decision, if possession is not delivered to him. §§ 2931, 1726. From this examination of the Code, it very plainly appears that the affidavit required by section 2920 is only required when the plaintiff demands a replevin of the property before judgment. What construction, then, shall be given to subdivision 7 of section 2862 of the Code, which is the one conferring jurisdiction upon a justice of this particular action, and which says in substance that he has such jurisdiction " when the value of the chattel — as stated in the affidavit made on the part of the plaintiff — does not exceed two hundred dollars ? " This subdivision, in speaking of " The affidavit made on the part of the plaintiff," seems to refer to some particular affidavit already, or

thereafter, to be mentioned, whereas the only affidavit so mentioned is that spoken of in section 2920, which, as we have seen, is only required when an order for the replevin of the property accompanies the summons, and may be omitted when that order or requisition is not applied for.    As a justice of the peace has such jurisdiction only in civil actions and special proceedings as is specially conferred upon him by statute, and no other (Code Civ. Pro., § 2861), and as subdivision 7, section 2862 of the Code, confers jurisdiction of an action for the recovery of a chattel, " where the value of the chattel — as stated in the affidavit made on the part of the plaintiff, does not exceed two hundred dollars," there is considerable force in the contention that jurisdiction of an action for recovery of a chattel exists only when there is an affidavit showing the value of the property to be within the limited amount, and that to comply with this jurisdictional requirement there must be an affidavit as to the value filed with the justice, even when no application is made for the replevin of the property before judgment, and that this affidavit is separate and distinct from the one required by section 2920 in case such replevin be demanded.    Under the former Code of Procedure, jurisdiction in an action for recovery of possession of personal property was conferred upon justices of the peace, by subdivision 10 of section 53, the first clause of which read " An action to recover the possession of personal property claimed, the value of which, as stated in the affidavit of the plaintiff — shall not exceed one hundred dollars."    In this respect it very closely resembles subdivision 7 of section 2862 of the present Code.    Under the old Code, however, it was expressly provided that " Before any process shall be issued in an action to recover the possession of personal property, the plaintiff shall make proof by affidavit," etc.; then follow provisions relating to the contents of this affidavit, which are substantially the same as those required by section 2920 of the Code of Civil Procedure.    As, under the former practice, no process or summons could issue until this affidavit was made, the justice could not without the affidavit acquire jurisdiction either of the person of the defendant, or of the subject-matter of the action, nor could the question involved in this appeal arise.    The case of Dennis v. Crittenden, 42 N. Y. 542, cited by the respondent, was under the Code of Procedure; the only question involved or decided by it upon this branch of the case was that the value

County Court, Schenectady County, October, 1899. [Vol. 29.

of the property as stated in the affidavit was decisive on the question of jurisdiction, whatever might be its value as shown by the evidence or by the verdict. In the case of Irr v. Schroeder, 6 Civ. Pro. 253, there was no affidavit of the value of the property made. It was held by the County Court of Erie county, in that case, that this was not fatal to the jurisdiction of the justice, and the judgment rendered by him in favor of the plaintiff was affirmed, as to the value and disposition of the property. The decision in this case was placed upon the assumption that the order to replevy the property was substantially a provisional remedy, like an attachment or order of arrest, the court apparently overlooking the fact that section 2862 of the Code, in form, at least, makes jurisdiction of the action dependent upon the filing of a verified statement as to the value of the property. Jaynes v. Jaynes, 8 Civ. Pro. 99, is also a County Court decision. In that case an affidavit was made in which the value of the property was stated at $240, a sum in excess of the jurisdiction of the Justice's Court. Whether application was made upon this affidavit under section 2920 for an order for the replevin of the property, the case as reported does not show. That when an affidavit is made stating the property in question to be in excess of the amount to which, under subdivision 7 of section 2862, the justice is limited, that officer has no jurisdiction, is not to be disputed, and this, in strictness, is all that is decided in the case last cited, although the learned county judge, in his opinion, adopts a course of reasoning which would lead to the conclusion also that if no affidavit were made, there would be no jurisdiction, and overruled Irr v. Schroeder. In Delin v. Stohl, 2 Civ. Pro. 222, it was held that an action of replevin may now be maintained in a Justice's Court, though no process for replevining the property be applied for. The reported case does not show whether or no an affidavit of any kind as to the value was made, nor is reference to section 2862 of the Code made by the court. The case of Guyon v. Rooney, 25 N. Y. St. Repr. 326, decides that the action to recover a chattel may be maintained in a Justice's Court without making any application to have it replevied before judgment under section 2920. In this case an affidavit was made as required by the section last cited. It has no application to the question now under consideration. In Bame v. Seykora, 77 Hun, 529, the court citing the cases of Delin v. Stohl and Guyon v.

Rooney, above referred to, reiterates the doctrine that this action may be brought in a Justice's Court without taking proceedings to require the replevining of the chattel before judgment. The opinion on this point simply states the principle, with a reference to the authorities named, and refrains from any discussion or argument. We have examined the appeal-book and briefs submitted to the court in that appeal, and find that the precise point involved in this appeal was raised in that case, and was fully discussed by counsel. In Bame v. Seykora, there was no affidavit whatever made, either under section 2862 or 2920, and the objection was made there, as here, that the justice acquired no jurisdiction in the action because no affidavit of the value of the property had been made before the justice. Upon this objection a nonsuit was granted by the County Court and an appeal taken to the late General Term of this department, by whom the judgment of the County Court was reversed. The decision in that case we must regard as authoritative and controlling in the present case, and as holding in effect, though it does not in terms so declare, that no affidavit of the value of the property need be made by the plaintiff in an action for the recovery of the possession of a chattel, where no application is made to have it replevied before judgment under section 2920 of the Code. The judgment of the City Court, is therefore, reversed, with costs.

Judgment reversed, with costs.