## MURPHY *v.* THE STATE. (two cases).

1. It is not essential in an indictment for bigamy to allege the time when and the place at which the prior marriage took place.
2. The second wife of a bigamist, being no wife in law, is a competent witness against him.
3. On a trial for bigamy the fact of the first marriage may be established by the admissions of the accused.
4. As the jury were not obliged, under the evidence, to believe that the first marriage took place in Florida, the court properly refused to instruct them, at the request of the accused, that, before they would be authorized to convict him, it must appear that such marriage was in accordance with the law of that State.
5. It was not erroneous to charge that the jury might consider the statement of the accused in connection with the evidence.
6. The charge on circumstantial evidence was authorized.
7. An assignment of error upon the admission of specified testimony is not well taken, when part of it was admissible.
8. The verdict was authorized by the evidence, and the court did not err in refusing a new trial.

Argued February 20, — Decided March 2, 1905.

Indictment for bigamy.     Before Judge Littlejohn.     Sumter superior court.     December 31, 1904.

*John R. Cooper*, for plaintiff in error.

*F. A. Hooper, solicitor-general*, and *J. B. Hudson*, contra.

FISH, P. J.     I. C. Murphy was convicted of bigamy, and the case is before this court upon two bills of exceptions, in one of which error is assigned upon the overruling of a demurrer to the indictment, and in the other the assignment is upon the refusal of a new trial.

1. The demurrer was upon several grounds, only one of which is referred to in the brief of counsel for the plaintiff in error. Under repeated rulings, all of these grounds, save this one, will be considered as abandoned. The ground relied on is, that the indictment does not allege the time and place of the first marriage. It is not necessary that the time when and the place where the prior marriage took place should be alleged in an indictment for bigamy. 5 Cyc. 693 (b), and cases cited.

2. Complaint was made in the motion for a new trial that the woman to whom it was alleged the accused was married while he had a lawful wife living was permitted to testify as to her marriage with him. Such testimony was admitted after the State had introduced evidence of the prior marriage of the accused and of the fact that the woman to whom he had been previously married was still living; and therefore the witness was competent. *Johnson* v. *State*, 61 *Ga.* 305; 5 Cyc. 698 (D).

3. Error is assigned upon the charge of the court, that it was not necessary to prove the prior marriage by any record, or by a witness who saw the ceremony performed, but that the same might be proved by the admissions of the accused of the fact of such marriage. Such charge was in accordance with prior rulings of this court. *McStein* v. *State*, 120 *Ga.* 175, and cases cited.

4. Error was assigned upon the refusal of the court to instruct the jury, as requested by counsel for the accused, that they "would have to believe that this defendant married according to the laws of the State of Florida, before [they] would be authorized to convict him in this case." There was nothing in the case tending to show that the accused was married in Florida to the woman alleged to be his lawful wife, except a statement

which one of the witnesses testified the accused made to him. The jury was not bound to accept the statement as to the place of his marriage as true. There was ample evidence to authorize them to find that he married such woman in this State, or elsewhere than in Florida. The refusal to give the request in charge was, therefore, not erroneous.

5. The court did not err in instructing the jury that they should determine the issues in the case from the testimony submitted to them, considered in connection with the statement of the accused, giving the latter such credit as in their judgment it was entitled to, the court elsewhere in the charge telling the jury that they could believe the prisoner's statement in preference to the sworn testimony in the case, if they believed it to be true.

6. There was some evidence to authorize the charge on circumstantial evidence, and giving the same was not erroneous.

7. One ground of the motion for a new trial was, that "the court erred in admitting the following testimony of C. D. Crow, State's witness: 'He [the accused] was at that time a married man; his wife was Rena Murphy. She didn't go by any other name; she says her name is Rena or Retta Murphy; everybody calls her Rena. At the time Murphy was there he went under the name of I. C. Murphy. I know what the I. C. was for; I know what he was generally called; he was called Isaac Murphy.'" The objection urged to this testimony was that the "witness could not swear to the marriage from hearsay testimony and general reputation;" that "he was not an eye-witness to the marriage." If the objection was good to any of this testimony, it clearly was not good as to the whole of it; and the objection being to the whole, and a part of it being admissible, the objection was not meritorious.

8. There was ample evidence to authorize the verdict, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur.*