[No. 1684.]

## THE STATE OF NEVADA, RESPONDENT, *v.* JOHN HANCOCK, APPELLANT.

1. CRIMINAL LAW—FINDING OF TRIAL COURT—CONCLUSIVENESS. Where, in a prosecution for crime, defendant claimed a certain witness was incompetent to testify because she was his common-law wife, the finding of the trial court, as a matter of fact, that the witness was not defendant's wife was conclusive on this point.

2. WITNESSES—COMPETENCY—COMMON-LAW WIFE. Where, in a prosecution for crime, it appeared that a woman who was called as a witness against defendant had lived with him for a number of years, but had never been married to him, and was during all the time the wife of another person, she was not incompetent to testify, on the ground that she was defendant's common-law wife.

APPEAL from the District Court of the Fourth Judicial District of the State of Nevada, Lincoln County; *Geo. S. Brown*, Judge.

John Hancock was convicted of murder and appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*Geo. W. Keith*, for Appellant.

*James G. Sweeney*, Attorney-General, for Respondent:

I. The rule of evidence excluding the wife from being a witness for or against a husband is applicable only where the relation of husband and wife legally exists, and does not extend to the case of a woman cohabiting with a party as his wife, but not married to him. (*Dennis* v. *Crittenden*, 42 N. Y. 542.) Where persons in good faith believe they are married, but are disqualified by reason of a former marriage, either is a qualified witness against the other. (30 Am. & Eng. Ency. of Law, 951–952, and authorities cited; *People* v. *Schoonmaker*, 119 Mich. 242; *Clark* v. *Illinois*, 178 Ill. 37; *Johnson* v. *State*, 95 Ga. 305; *Wyre* v. *State*, 95 Ga. 446; *Cartwright* v. *McGowan*, 121 Ill. 389.) The rule as to the exclusion of the wife as a witness for or against her husband is applicable solely to cases where the lawful relation of husband and wife exists. Persons having a husband or wife living are not competent to contract marriage, and no pre-

sumption of marriage can be indulged from the cohabitation of such parties. (*Hebblewaite* v. *Hepworth*, 98 Ill. 126; *Stolz* v. *Doering*, 112 Ill. 234.)    Cohabitation on a promise of marriage cannot constitute a marriage, even when continued after obstacle is removed. (*Foster* v. *Hawley*, 8 Hun, 71; *Duncan* v. *Duncan*, 10 Ohio, 181; *Williams* v. *Williams*, 46 Wis. 464.) The marriage of a man and woman, where one of them has a husband or wife by a prior marriage who is then living and undivorced, is void and not merely voidable, and, being so, no valid second marriage can take place or exist.    (*Janes* v. *Janes*, 5 Blackf. 141; *Reeves* v. *Reeves*, 54 Ill. 332; *Drummond* v. *Irish*, 52 Iowa, 41; *Glass* v. *Glass*, 114 Mass. 563; *Martin* v. *Martin*, 22 Ala. 86; *Tefft* v. *Tefft*, 35 Ind. 44.)

By the Court, FITZGERALD, C. J.:

The defendant was convicted in the District Court in and for Lincoln County of the crime of murder in the first degree, and subsequently judgment of death was by said court pronounced upon him.   He appeals to this court from the said judgment.

There is no regular assignment of errors in the record filed here, but treating the two statements of errors claimed by defendant, as made in his bill of exceptions presented by him to the judge of the trial court for allowance and settlement, as performing the functions of an assignment of errors, two questions arise on the bill of exceptions as settled by said judge:  First, did the trial court err in the admission of the testimony of the witness Mrs. Gross? and, second, did said court err in admitting the testimony of the witness Archie Gross?

The second question is entirely out of the case, as the defendant's counsel admits, because no exception to said testimony was taken.

On the first question, the bill of exceptions settled and allowed by the said judge is as follows:  "One Mrs. Kate W. Gross was sworn as a witness on behalf of the prosecution, and testified, among other things, that she met the defendant, Hancock, in 1895, and went to live with him, and that she was then a married woman, having a husband named Keen

living. After the witness had testified to various occurrences prior to the alleged crime, the defendant's counsel, T. J. Osburn, Esq., objected to the witness testifying against the defendant; alleging that the witness was the wife of the defendant, and therefore incompetent to testify against him, and asked leave to examine her, to ascertain whether or not she was competent. Such leave being granted by the court, the said witness, on her examination on *voir dire*, in answer to questions by defendant's and plaintiff's counsel, testified: That she was living and cohabiting with the defendant at the time the alleged crime charged in the indictment was committed; that she had lived and cohabited with the defendant for months previous to the alleged crime and for months afterward, and that in most places at which defendant resided at various times the witness passed as, and was considered as, the defendant's wife, but that at Sacramento, California, where she went to live with the defendant, and while living with him, she did not go by the name of Hancock, but by the name of her husband, Keen, to whom she testified she was married in 1892 in Salt Lake City, Utah; that at Perris, California, where she and Hancock resided for some time, and where Hancock's mother, brother, and sister lived, the witness passed by the name of Mrs. Hancock, but that everybody there knew she was not Hancock's wife; that in Milford, Utah, when she was there, after the time of the alleged crime, with Hancock, and where she had friends who knew her as Mrs. Keen, she went by the name of Keen; and that in Oregon, where she and the defendant were for some months, the defendant passed her off as his sister; and further, that she never said she would be true to the defendant, and never was; that she could not tell him she would be true to him when she had a living husband; that she passed as Hancock's wife in various places simply to avoid the shame of being known as his mistress; and further, that she never agreed or promised to marry Hancock or to be his wife, and that she never expected to be his wife, because she was never divorced from her husband, Keen. Thereupon the court found that the witness Mrs. Kate W. Gross was not the wife of the defendant, and not incompetent to testify against him, and over-

ruled the defendant's objection to her testifying further, to
which ruling defendant by his counsel took an exception."

The defendant presented to the trial judge what he denom-
inated "Statement to Act as Bill of Exceptions." The trial
judge refused to allow the statement as the bill of excep-
tions, giving his reasons therefor as follows: "Which
so-called 'Statement to Act as Bill of Exceptions' has been
found by me to be incorrect in the following particulars:
* * * In alleging that the witness Mrs. Gross testified
that said witness was considered and accepted as appellant's
(defendant's) wife by the community in which appellant
(defendant) resided at various times and at the time charged
in the indictment, when in fact said witness testified that
there were several places in which she and the defendant
resided where she was neither considered nor accepted as his
wife. (3) In not stating sufficiently the evidence upon which
the court ruled that the witness Mrs. Gross was not incom-
petent to testify, to which ruling the exception was taken."
The defendant claimed that the witness Mrs. Gross was his
common-law wife, and that she should not have been allowed
to testify against him without his consent. This is what he
claims as reversible error.

The question whether or not she was his common-law wife
was one for the trial court to determine, before admitting
her as a witness against the defendant over the objection of
defendant. It will be perceived from the bill of exceptions
settled and allowed by the court on this point that the trial
judge found as a fact that she was not the defendant's
common-law wife; and, as the record stands in this court,
this fact, so found, would determine the case against the
defendant. But inasmuch as the life of a human being is
involved in the matter, we have read with care the whole
proceedings at the trial, including the testimony of the wit-
nesses, both that given touching the question of admissibility
and that given after being ruled admissible, although these
proceedings are filed here with no other authentication than
the certificate of the shorthand reporter, who was sworn to
take down and report the matter, that they were taken and
reported correctly.

We do not deem it necessary to quote or substantially state the testimony given on the question raised, for undoubtedly the testimony showed that Mrs. Gross was not defendant's common-law wife. She emphatically stated she was not, but was at all times that she was living with him the lawful wife of another man, and that the relation that existed between her and the defendant was meretricious and adulterous. She further testified that at the time she was testifying against the defendant she was the wife of a man other than the defendant, to wit, Mr. Gross, she having married Mr. Gross since her relations with the defendant had ceased; her previous husband, Keen, having died before her marriage with Mr. Gross. The defendant's own testimony shows that the witness Mrs. Gross was not his common-law wife. The defendant testified that he and the witness Mrs. Gross were not legally and lawfully married, but that they had intended at some future time to be legally and lawfully married. Under the foregoing circumstances, there was no error in the admission of the testimony of the witness. Upon this doctrine the following authorities are cited: *Dennis* v. *Crittenden*, 42 N. Y. 542; *People* v. *Schoonmaker*, 119 Mich. 242, 77 N. W. 934; *Clark* v. *Illinois*, 178 Ill. 37, 52 N. E. 857; *Johnson* v. *State*, 95 Ga. 499, 22 S. E. 639; *Wyre* v. *State*, 95 Ga. 466, 22 S. E. 273; *Cartwright* v. *McGowan*, 121 Ill. 389, 12 N. E. 737, 2 Am. St. Rep. 105; *Hebblewaite* v. *Hepworth*, 98 Ill. 126; *Stolz* v. *Doering*, 112 Ill. 234; *Foster* v. *Hawley*, 8 Hun, 71; *Duncan* v. *Duncan*, 10 Ohio St. 181; *Williams* v. *Williams*, 46 Wis. 464, 1 N. W. 98, 32 Am. Rep. 722; *Janes* v. *Janes*, 5 Blackf. 141; *Reeves* v. *Reeves*, 54 Ill. 332; *Drummond* v. *Irish*, 52 Iowa, 41, 2 N. W. 622; *Glass* v. *Glass*, 114 Mass. 563; *Martin's Heirs* v. *Martin*, 22 Ala. 86; *Tefft* v. *Tefft*, 35 Ind. 44; 30 Am. & Eng. Enc. of Law, 951; 2 Kent, 79.

There was no error in this ruling of the court. This appeal has no merit, and it would seem that the only object of it was for delay.

The judgment of the trial court is affirmed.