## JEEMS v. THE STATE.

BECK, J. 1. Where in the trial of a criminal case a female witness was
offered by the State, and her competency as a witness was challenged on
the ground that she was the wife of the accused, and she was thereupon
interrogated as to her matrimonial status, and she testified in substance
that she was married to the accused about two years before the trial,
but that she had been married previously to another named person, and
that this person to whom she had previously been married was still
living and she had never been divorced from him, and this testimony
was uncontradicted, it was not error for the court to rule that she was
a competent witness and to permit her to give evidence upon material
issues involved in the criminal case. *Wrye* v. *State,* 95 *Ga.* 466 (22
S. E. 273) ; *Howie* v. *State,* 114 *Ga.* 19 (39 S. E. 944).

(a) Where the only evidence as to the matrimonial status of the witness
was of the character given above, and she was not contradicted in
regard thereto by any witness testifying in the case in regard to the
alleged ground of incompetency, the court did not err in failing to
submit the question of the competency of the witness to the jury.

2. "Grounds of a motion for a new trial alleging that the verdict was con-
trary to specified portions of the charge of the court are, in essence,
merely complaints that the verdict was contrary to law." *Alabama etc.
R. Co.* v. *Hunt,* 136 *Ga.* 863 (72 S. E. 346).

3. There was sufficient evidence to support the verdict in the case, and the
court did not err in overruling the motion for a new trial.

> *Judgment affirmed. All the Justices concur.*
> MARCH 11, 1914.

Indictment for murder. Before Judge James B. Park. Morgan
superior court. November 12, 1913.

*E. H. George,* for plaintiff in error. *T. S. Felder, attorney-gen-
eral,* and *J. E. Pottle, solicitor-general,* contra.