## 14470. DICKERSON v. THE STATE.

It is not ground for a new trial that the court, over the objection that the testimony was hearsay and not a part of the res gestæ, admitted testimony as to a message of the defendant's wife to her mother to come to her, that he was beating her, in response to which the mother went to his house, where, according to other testimony, he committed the assault upon the mother for which he was indicted in this case.

The law as to incompetency of a wife to testify against her husband in a criminal case did not apply to a woman married to the defendant, where there was uncontradicted testimony that before their marriage he was married to another woman, who was living at the time of the trial and from whom he had not been divorced.

The general grounds of the motion for a new trial are treated as abandoned, as they were not specifically argued and as there was no general insistence on all the grounds of the motion.

DECIDED JUNE 12, 1923.

Indictment for murder; from Fulton superior court — Judge Humphries. March 10, 1923.

Charles Dickerson was convicted of assault with intent to murder, under an indictment which charged him with having struck Ella Terrell with a hammer and thereby caused wounds from which she died. It was testified that she went into his house just after her daughter Frances, whom he had married and with whom he was living, had been assaulted by him with a hammer and a razor, and had been knocked to the floor, and that he then assaulted the mother also, striking her several times on the head with the hammer, and she died about eleven weeks from the time of the assault. The defendant, in his statement at the trial, said that he and his wife were "in a scrap about another girl," and a little girl came in and his wife sent for her mother to come there; that they "had got the thing settled" and had stopped when the mother arrived; that the mother got the hammer and started throwing it and the ice pick at him, and that he could not get out of the door and was trying to avoid the licks. One of the witnesses testified that the defendant said that "Frances threw at him and he dodged the lick and Ella got it."

The evidence referred to in the first paragraph of the decision was that of a girl who testified that she went to the defendant's house and heard fussing and heard Frances hollering; that the door was shut and she knocked at it, and Frances told her to go back and tell Frances's mother to come there, "because Charley was beating her;" that she (the witness) heard Charley in the

house, but did not see him; that she had known him about a year but did not know his voice; that she ran a distance of three blocks to Ella Terrell's house, and Ella went to the defendant's house. Counsel for the defendant objected to the testimony as to what Frances said to the witness, on the ground that it was hearsay and not a part of the res gestæ, and that it was not shown that the defendant was present when Frances made the statement as to his beating her.

The testimony of Frances as to the assault was objected to on the ground that it was inadmissible under the rule which renders a wife incompetent to testify against her husband in a criminal case (Penal Code of 1910, § 1037). Her testimony was preceded by that of Lucile Dickerson, who testified that she (Lucile) was married to the defendant by a preacher in 1909, and that they lived together several years and had never been divorced. Another witness testified that she was present at the marriage of Lucile to the defendant. Frances testified that she (Frances) was married to the defendant, that after their marriage he told her that he had another wife and promised to get a divorce, and she paid for the divorce but was never called to court; that after quitting him she lived with him again and "had eight months in the chain-gang for living with him."

*Tillou Von Nunes, Murphy M. Holloway,* for plaintiff in error.
*John A. Boykin, solicitor-general, E. A. Stephens,* contra.

BLOODWORTH, J. 1. The court committed no error in allowing the evidence of which complaint is made in the first special ground of the motion for a new trial to go to the jury.

2. In *Jeems* v. *State,* 141 *Ga.* 493 (1) (81 S. E. 202), it was held: "Where in the trial of a criminal case a female witness was offered by the State, and her competency as a witness was challenged on the ground that she was the wife of the accused, and she was thereupon interrogated as to her matrimonial status, and she testified in substance that she was married to the accused about two years before the trial, but that she had been married previously to another named person, and that this person to whom she had previously been married was still living and she' had never been divorced from him, and this testimony was uncontradicted, it was not error for the court to rule that she was a competent witness and to permit her to give evidence upon ma-

terial issues involved in the criminal case. *Wrye* v. *State,* 95 *Ga.* 466 (22 S. E. 273) ; *Hoxie* v. *State,* 114 *Ga.* 19 (39 S. E. 944)." In *Murphy* v. *State,* 122 *Ga.* 149 (50 S. E. 48), the second headnote is as follows: " The second wife of a bigamist, being no wife in law, is a competent witness against him." Under the ruling in the foregoing cases and the facts of this case, the court did not err in allowing the alleged second wife of the defendant to testify. See *Johnson* v. *State,* 61 *Ga.* 306 (1) ; *Wrye* v. *State,* supra.

3. There being no general insistence on all the grounds of the motion for a new trial, and the general grounds not having been specifically argued, they will be treated as abandoned.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*