## 16524.   SHARPE *v.* THE STATE.

Where an objection to testimony includes admissible testimony, and fails to point out and object separately to that which is objectionable, it is proper to overrule the objection.

The ground of the motion for a new trial which alleges that the court erred in charging the jury on the impeachment of witnesses is not in proper form for consideration.

Failure to amplify, without request, a correct charge on alibi is not ground for a new trial.

DECIDED JUNE 20, 1925.

Conviction of shooting at another; from Montgomery superior court—Judge Graham. April 28, 1925.

*W. A. Wooten, M. B. Calhoun,* for plaintiff in error.

*M. H. Boyer, solicitor-general,* contra.

BLOODWORTH, J. 1. "Where evidence is offered and objected to, and a portion thereof is admissible and a part objectionable, unless the illegal portion is specified and properly objected to, the whole will be admitted." *City of Atlanta* v. *Sciple,* 19 *Ga. App.* 694 (3) (92 S. E. 28). "An assignment of error upon the admission of specified testimony is not well taken, when part of it was admissible." *Murphy* v. *State,* 122 *Ga.* 149 (7) (50 S. E. 48). The brief of evidence shows that the words, "That is the man that shot me; I am certain of it; I know him," were used at the time of the shooting of the witness, for which the accused was on trial. Under the principle announced in the foregoing decisions, this evidence was clearly admissible, and the ground of the motion for a new trial complaining of its admission shows no cause for a reversal of the judgment.

2. "No ground of a motion for a new trial which is not complete and understandable without resorting to an examination of the brief of evidence or the charge of the court will be considered as presenting a question for consideration by this court." *Hawkes* v. *Cowart Co.,* 21 *Ga. App.* 397 (94 S. E. 643). The ground itself must point out the error. A ground of the motion for a new trial alleges that the court erred in charging the jury on the impeachment of witnesses. An examination of the brief of evidence would be necessary to determine what witness or witnesses it was sought to impeach, by whom introduced, and whether or not the charge was prejudicial to plaintiff in error. Under the ruling in the foregoing case this court will not consider this ground of the motion.

3. In the 3d ground of the motion the court is alleged to have erred in charging the jury on the defense of alibi, because the charge "failed to instruct them as to what effect such proof should have upon their deliberations." There is no exception to the charge, but it is insisted that the judge erred in not giving a further and fuller charge. "A correct statement of law embraced in a charge to the jury is not erroneous because the court failed in the same

12

connection to give to the jury other appropriate instructions." *Conley* v. *State*, 21 *Ga. App.* 134 (1) (94 S. E. 261), and cases cited. Moreover, there is no merit in this ground, and counsel for plaintiff in error practically abandoned it in his brief.

4. In the brief of counsel for plaintiff in error he says: "There was enough evidence to warrant the conviction." We agree with him.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*