28495. CARTWRIGHT *v.* THE STATE.

DECIDED OCTOBER 9, 1940. REHEARING DENIED DECEMBER 17, 1940.

*W. B. Skipworth Jr., Joseph O. McGehee,* for plaintiff in error.
*Hubert Calhoun, solicitor-general, Ed Wohlwender Jr.,* contra.

GARDNER, J. The only special assignment of error was to the admission, over the objection of the defendant, of the testimony of the alleged wife of the defendant where the latter was on trial for murder. A preliminary examination of the witness, which was uncontradicted, disclosed that she had been married before; that her husband, after living with her a number of years, deserted her; that after a lapse of seven years when she had neither communicated with nor heard from him, directly or indirectly, she married the defendant in good faith and without knowledge or information that her husband was then in life or had been in life at any time since the beginning of the seven-year period until the date of her second marriage; and that thereafter she heard that her first husband was living and later had seen him two weeks before the trial in which she was being called to testify. The plaintiff in error contends that the admission of her testimony was erroneous because she was the lawful wife of the defendant, by a marriage that was valid under the circumstances enumerated, and that she was accordingly incompetent to testify.

Under the foregoing facts it appears conclusively that the second marriage, at the time of the trial and the proffer of the testimony (70 C. J. 123, § 149; Jones *v.* Jones, 96 Wash. 172, 164 Pac. 757), was void. *Murchison* v. *Green,* 128 *Ga.* 339, 342 (57 S. E. 709, 11 L. R. A. (N. S.) 702); *Johnson* v. *State,* 61 *Ga.* 305. Two valid marriages of the witness could not subsist at the same time with different men known then to be in life. Accordingly, the witness was not incompetent to testify. In this connection see *Johnson* v. *State,* supra; *Wrye* v. *State,* 95 *Ga.* 466 (22 S. E. 273); *Murphy* v. *State,* 122 *Ga.* 149 (50 S. E. 48); *Jeems* v. *State,* 141 *Ga.* 493 (81 S. E. 202); *Dickerson* v. *State,* 30 *Ga. App.* 352 (118 S. E. 67). "The incompetency of husband and wife extends only to those who are united in lawful wedlock and not to persons between whom there is no lawful or valid marriage, although they may live together as husband and wife." 70 C. J. 123, § 150.

The rule is not altered by the fact that the second marriage, at the time of its consummation, was entered into in good faith and after the expiration of seven years from the time when the former spouse was last known to be in life. The presumption of death of

the spouse which, in the *absence* of facts to the contrary, arose after the expiration of seven years of absence, unheard of, must yield, as in this case, to *proof* of facts to the contrary. It is unnecessary for us to discuss the benefits or rights of parties presumed to be married during the period between the expiration of seven years, when the spouse was no longer presumed to be living, and the time the spouse was determined by the evidence to be in life.

*Judgment affirmed.  Broyles, C. J., and MacIntyre, J., concur.*

### ON MOTION FOR REHEARING.

We have reread this record and the decisions cited by counsel for the plaintiff in error.  He directs us to no new principles or authorities which we had not thoroughly considered before writing the original opinion.  It will be noted that in the last paragraph in the original opinion this court made the following observation which, we confess, is obiter dicta, but which we made with the hope that it might reflect some light on our position under the facts of the case we were deciding, to wit: "It is unnecessary for us to discuss the benefits or rights of parties presumed to be married during the period between the expiration of seven years, when the spouse was no longer presumed to be living, and the time the spouse was determined by the evidence to be in life."  In the hope that it may further illuminate our confirmed opinion under the facts in this case, we may add, without deciding the question, that there might be confidential communications, conduct and relations, arising between the husband and wife, in both civil and criminal cases, from the time of the expiration of the seven years and after the second marriage, which would be clothed with the presumption of validity where the communications and conduct of either were received during the marital relationship between the time of the second marriage and the time when sufficient evidence is produced to prove the fact of the life of the first spouse, overcoming the rebuttable presumption of death.  Such testimony might be incompetent by reason of such valid and confidential relationship.  But these questions do not arise under the facts of this case.