Rockwell *vs.* Perine.

Where a plaintiff, in an action in a justice's court, claimed, in his declaration, damages to the amount of " one hundred dollars and over," but took judgment for less than $100 ; *Held,* that there was no error : the words " and over " being void for uncertainty.

Debt on a judgment recovered before a justice of the peace, in an action of covenant, for $60 damages and $5 costs.

*H. R. Wing,* for the plaintiff.

*A. T. Willson,* for the defendant.

*By the Court,* WILLARD, J. It appears that the declaration before the justice was in covenant, on a contract to build a house, in which, after assigning several breaches, the plaintiff concluded by claiming " damages one hundred dollars and over." The defendant before the justice appeared in said action and pleaded *non est factum,* and also denied the breaches. The cause was tried on the merits, and judgment was rendered for the plaintiff, for $60 damages and $5 costs. The defendant has demurred to the declaration, assigning for cause, that as the plaintiff before the justice claimed damages for one hundred dollars *and over*, the justice had no jurisdiction to try the cause; and that of course the judgment is void. If the plaintiff before the justice had claimed one hundred and fifty dollars, or *any* other sum, more than one hundred, the justice would have been ousted of jurisdiction, according to the decisions in *Yager* v. *Hannah,* (6 *Hill,* 631;) *Bowditch* v. *Salisbury,* (9. *John.* 366.) In the latter case it was held that although the notes declared on exceeded a justice's jurisdiction, yet as the plaintiff only claimed damages to the amount of his jurisdiction, it was well enough.

This case is different from the foregoing, and all the cases which have been cited. In my judgment the declaration only claims damages to one hundred dollars. The words " *and over*," are void for uncertainty. They express nothing. They would not be sufficient to authorize a plaintiff, in this court, to take a judgment on a verdict beyond the sum expressed; and the plaintiff would be required to remit the excess if the verdict was for more. They have no greater effect than if an. " &c." were added to the declaration. When taken all together the pleading amounts to this ; that the plaintiff has sustained damages to the amount of over one hundred dollars, but nevertheless is willing to take judgment for one hundred dollars. This is clearly good, within *Salisbury* v. *Bowditch,* (9 *John.* 366,) which is in point.

I think the plaintiff is entitled to judgment on the demurrer, with leave to the defendant to plead on payment of costs.