BELLINGER *vs.* FORD and others.

A justice of the peace has no jurisdiction of an action for taking and converting personal property, where the plaintiff, in his complaint, claims judgment for $200.   And in such a case a judgment in favor of the plaintiff will be reversed, after a trial upon the merits without objection.

An execution, issued after the death of the plaintiff, upon the application of persons not appearing to have any interest or authority in the matter, and where it is not shown that the judgment has been assigned ; or that there are any personal representatives of the deceased plaintiff, is a nullity, *it seems.*

THIS was an appeal from the judgment of the St. Lawrence county court, affirming the judgment of a justice's court.   In December, 1843, Anastasia Ford recovered a judgment against the present plaintiff for nearly $70.   A transcript thereof was filed with the clerk of St. Lawrence county in April, 1844.   In January, 1850, the St. Lawrence county court ordered the clerk of the county to issue execution on the judgment; which was issued in that month.   This order was granted on a notice of a motion therefor, signed by the defendant Wright as "attorney for plaintiff," served by leaving the same at the residence of the present plaintiff, (Bellinger,) in his absence, with a person of suitable age and discretion, and upon reading and filing the affidavit of the defendant Ford, that the judgment had been recovered and a transcript filed, and that the same remained wholly unsatisfied.   The papers were all entitled in the original

Bellinger *v.* Ford.

suit. Anastasia Ford, at the time of granting the order, had been dead three years, or more. The papers upon which the motion was granted did not show, nor was it proved on the trial of this cause, that the judgment had been assigned, or letters testamentary or of administration taken out; nor that the attorney ever had any authority from the plaintiff, in her lifetime, or from any one else; or that the person making the affidavit, or any one engaged in the matter, had any interest in the judgment. This suit was brought for taking and converting property sold on the execution; and it being proved that the defendants had participated in the matter, the justice gave judgment against them. The defendants appealed, and the county court affirmed the judgment. The complainant, after alledging the taking and converting the property, concluded thus: " The plaintiff claims judgment for $200." The justice returned that this was a clerical mistake, and that no objection was made on the trial to the complaint, on that account.

*T. V. Russell*, for the appellant.

*A. B. James*, for the respondents.

*By the Court*, HAND, J. In the view I have taken of this case, perhaps the question on the validity of the execution is not so important. I am inclined, however, to think that it was a nullity. The plaintiff had been dead for years, and it did not appear that there was an executor or administrator; or, if there was, that he had any knowledge of this proceeding. Indeed, I have been unable to discover, either from the papers used on the motion, or in the proceedings or evidence in this cause, that the attorney, or the person making the affidavit, or any of the defendants, had any authority or interest in the matter.

Under our former system, an execution could have been actually issued after the death of the plaintiff, if it were tested before. (*Center* v. *Billinghurst*, 1 *Cowen*, 33. *Hay* v. *Fowler*,

Bellinger *v.* Ford.

1 *How. Sp. T. R.* 127.) But it was irregular if tested after his death. (*Id. And see Heapy* v. *Parris,* 6 *T. R.* 367; *Bragner* v. *Langmead,* 7 *Id.* 20; *Stymets* v. *Brooks,* 10 *Wend.* 211; *Nichols* v. *Chapman,* 9 *Id.* 452; 2 *Saund. R.* 6 *n,* 1 & 6; 1 *Tidd,* 1029; 1 *Burr. Pr.* 282.) My first impressions were, that this was merely voidable, and not void. (*Patrick* v. *Johnson,* 3 *Lev.* 403. *Blanchenay* v. *Bent,* 4 *Q. B. Rep.* 707. *Center* v. *Billinghurst, supra.*) Generally, this court will not interfere with matters of practice and discretion of an inferior court. But in this case, *non constat* but the defendants were merely strangers, intermeddling with the property and concerns of others; and taking the property of the plaintiff and appropriating it to their own use, without right or authority, under a misuse of the forms of law, in the name of a deceased person. There is nothing in the code to warrant the proceeding. Even if a suit or suggestion upon the record was unnecessary, at least the personal representatives should apply for the execution. No one authorized to receive the debt and acknowledge satisfaction, appears in this case.

But the justice had no jurisdiction to try a claim for $200. (*Yager* v. *Hannah,* 6 *Hill,* 631. *Rockwell* v. *Perine,* 5 *Barb.* 574.) He returns t'∘t this was a clerical mistake. But he does not state how muc in truth was demanded; nor who made the mistake, nor why t 'e was not an amendment. He may disregard any error not ffecting the substantial rights of the parties. (*Code,* §§ 17... '76, 366.) It is said no objection was made before the justice. But that did not give jurisdiction. A confession of judgment more than $250 would be void. The statute gives jurisdicti ...o justices, in certain cases specified, "and no other." (*Cod* 53.) Among these, is an action "for taking, detaining or inj... g personal property, if the damages claimed do not exceed o .undred dollars." (*Id.*) The parties could not confer upon e justice jurisdiction to try a cause where more than $100 ... e claimed. If this was a mere clerical mistake, the remedy as easy and obvious, by amendment. But there was no amen... ient; and we have to deal with the

record as we find it. It is to be regretted that the error has crept into the case, but the statute and the decisions give us no discretion in the matter.

The judgments of the county court and of the justice must be reversed.

[FULTON GENERAL TERM, September 6, 1852. *Willard, Hand, Cady* and *C. L. Allen,* Justices.]