## PARKER *vs.* EATON and SOURS.

In order to oust a justice of his jurisdiction, in an action before him, on the ground that the sum total of the accounts on both sides exceeds $400, the fact must be proved by legal evidence, and the evidence must legitimately tend to establish such fact.

Where the amount of the accounts, still subsisting, is a question of fact, and the evidence is conflicting, the determination of the justice upon that point is necessarily as conclusive as upon any other question of fact where his jurisdiction is not affected by his finding.

And if, under such circumstances, the justice decides that the accounts of the parties, as proved to his satisfaction, exceed $400, and that he is therefore ousted of his jurisdiction, the county court has no right to reverse his judgment, on appeal.

APPEAL from a judgment of the Wayne county court, reversing a judgment of a justice. Submitted without argument. The facts are sufficiently stated in the opinion.

*Cornwell, Welling & Arnold,* for the appellants.

*C. D. Lawton,* for the respondent.

*By the Court,* JOHNSON, P. J. The action was to recover a balance alleged to be due on a book account. It was dismissed by the justice, on the ground that he was ousted of his jurisdiction. And whether the justice was right in rendering the judgment he did render, depends upon the question whether the accounts of both parties, on the trial, as proved to his satisfaction, exceeded $400. If they did, he had no further jurisdiction, and was bound to dismiss the action. This of course means accounts which, at the time of such trial, have never been adjusted, and settled, and a balance struck between the parties. Where there is an account on each side, neither account is settled until the balance is struck. Looking over the accounts on either side, or on both, and agreeing that they are correct, does not settle such accounts. Each remains a subsisting account and claim, until the parties have agreed and struck the balance between the two accounts. When this is done, and not before, both accounts are settled. Neither is any

Parker *v.* Eaton.

longer a subsisting account, but the balance found due upon the accounting, is the only subsisting demand.

The plaintiff is the assignee of Derby, who on the 5th of April, 1854, had a book account against the defendants, amounting to $304.12, on which it would seem, from the evidence, interest was claimed from July, 1850. The defendants at this time had a book account against Derby, amounting to $98.89, on which they claimed interest for three years and five months. They had also a claim in the nature of an account, in favor of one Moore against the plaintiff, amounting to $41.44, which Moore had handed to the defendants, and authorized them to collect, and apply on a debt owing by Moore to the defendants. On the last named day, Derby went to the defendants for the purpose of looking over and settling the accounts. Eaton was at home, but the other defendant was not. Derby and Eaton, on that occasion, looked over the respective accounts, and it appears from the evidence, that neither party disputed the correctness of the other's accounts. Moore's account against Derby seems also to have been presented on that occasion, and no questions raised as to the correctness of the items or amount. Derby did not admit that he owed Moore the amount, but promised to settle with Moore, and pay the defendants the balance which should be found due. On the same day, afterwards, Derby assigned his account to the plaintiff. On the 28th of the same month, the plaintiff Derby, and both defendants, had an interview on the subject of these accounts, and the balance due to the plaintiff. On that occasion the defendants had three promissory notes against Derby, in addition to the accounts before mentioned, amounting in all to $134.21, which were given up to the plaintiff, and applied upon the account which he thus held as assignee. This of course reduced the amount of the plaintiff's account, just that sum. Derby and the defendant Eaton were both witnesses on the trial before the justice. Derby testified that the defendants' account, of $98.89, was settled between him and the defendants, on the 5th of April, and was allowed and credited on his account. Eaton, on the contrary, testified that he refused to settle on that occasion, in

the absence of the defendant Sours, who had kept the books, he not knowing but what there were some other matters, not charged in the account. He admits that they looked over the accounts, on both sides, and figured to see what the balance would be if both were correct, but testifies that they did not settle or agree upon, or strike, any balance, either at that time or at the subsequent interview. Derby, it seems, entered the amount of the defendants' account, as it stood on their books, as a credit in his, at the interview on the 5th of April. No entry was made in the defendants' books, and Eaton testifies that he did not know of, authorize, or agree to, any credit, in the books of Derby. They both agree, substantially, as to what took place, in reference to the Moore account. Derby refused to pay any of it, on both occasions, but promised to pay the balance which should be found due after a settlement between him and Moore. It will be seen, therefore, that the question before the justice, as to the amount of subsisting accounts, on both sides, was one of fact. If Derby was to be believed, and the defendants' account against him of $98.89, was by the agreement of the parties settled, and credited on Derby's account, at either interview, then the accounts on both sides did not amount to $400, and the justice erred in dismissing the action. On the other hand, if the defendant Eaton was to be credited, and there had never been any accounting between them, and a balance struck, or any portion of the account adjusted and credited, by the consent and agreement of the defendants, and the Moore account was so far proved as to be evidence before the justice, then the accounts on both sides exceeded $400, and the cause was very properly dismissed.

It must be conceded that the justice was the proper judge of the relative credibility of those two witnesses, and we can see that he must have given credence to Eaton's evidence. As to the Moore account, I think it was sufficiently proved before the justice, to have authorized its allowance, in case no account or claim of Derby's had been proved as an offset or counter claim to it. Although the defendants had no written assignment from Moore, the evidence shows that it had been

Parker *v.* Eaton.

turned out to them by him, and that they were in fact the legal owners of the demand. The account was presented by the defendants as a claim against Derby, on both occasions when the parties had a meeting, and all that Derby disputed was the amount due. He did not attempt to dispute the correctness of the account; nor was any such question raised before the justice. He claimed, in substance, that he had an account against Moore, which was the subject of proof before the justice. I think enough was proved before the justice, to authorize him to find that the correctness of this account had been admitted, both by Derby and the plaintiff, and that his, Derby's, claim against Moore was relied upon to reduce the amount, or defeat it altogether. By the code, § 54, the justice is ousted of his jurisdiction, when it is proved, in an action before him, to his satisfaction, that the sum total of both accounts exceeds $400. Of course it must be proved by legal evidence, and the evidence must legitimately tend to establish such fact. But where the amount of the accounts, still subsisting, is a question of fact, and the evidence is conflicting, the determination of the justice is necessarily as conclusive on such question of fact, as upon any other where his jurisdiction is not affected by his finding. The question here was clearly one of fact, and in my opinion the county court erred in disturbing the disposition of the action made by the justice. The judgment of the county court must therefore be reversed, and that of the justice affirmed.

[Monroe General Term, September 7, 1857. *Johnson, T. R. Strong* and *Welles,* Justices.]