LEWIS and HAIGHT, JJ., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.

---

DANIEL E. BARTLETT, Appellant, *v.* JAMES W. MUDGETT, Respondent.

*Justice's Court — jurisdiction, not obtained by consent — evidence that the amount in controversy exceeded $400 — amount involved reviewed on appeal — distinction between actions in tort and on contract.*

A justice of the peace has no authority to dismiss an action on the ground that the amount in dispute exceeds $400, until it is made to appear to him by proof that the amount in dispute exceeds a sum of which he has jurisdiction. He is not ousted of jurisdiction because the amount claimed in the pleadings may exceed that amount.

The complaint in an action brought in a Justice's Court alleged the indebtedness of the defendant to the plantiff for services in the amount $490, of which amount but $300 had been paid, and for goods, wares and merchandise sold to the amount of $39.02, upon which $40 had been paid, and judgment was demanded for $185.04.

The answer admitted that the plaintiff had performed services for the defendant, but alleged that such services did not amount to $490 in value, and that the defendant had paid on account thereof the sum of $340, and further alleged that by reason of mutual dealings between the parties the plaintiff was indebted to the defendant in the sum of $110, which was pleaded as a counterclaim, and judgment for $110 was demanded.

*Held,* that the pleadings did not show that the sum total of the accounts of both parties exceeded $400.

Upon an appeal from a judgment of a Justice's Court, if a new trial is not demanded in the notice of appeal, the case is reviewable upon questions of law only. But if a new trial be demanded, then all questions of law and fact are before the appellate court for consideration.

Upon the joining of issue before a justice of the peace a judgment was rendered for the defendant dismissing the action upon the ground that the amount involved was beyond his jurisdiction. The plaintiff appealed to the County Court, and demanded in his notice of appeal a new trial. A motion was thereupon made by the defendant to dismiss the appeal on the ground that the justice had no jurisdiction, and could not take cognizance of the action, for

the reason that the sum total of the accounts of both parties proved to the satisfaction of the justice exceeded $400. The motion was granted, and the plaintiff appealed therefrom.

*Held,* that the granting of such order was erroneous.

*Quære,* whether the question as to the amount involved could be properly reviewed by the County Court upon such appeal.

In an action brought before a justice of the peace to recover damages for an assault and battery, libel or slander, the justice has no jurisdiction of the subject-matter, but in an action brought upon a contract the justice has jurisdiction until it is proven upon the trial that the accounts in dispute exceed $400 in amount.

If a justice of the peace has not jurisdiction of an action the consent of the parties thereto will not give him jurisdiction thereof.

APPEAL by the plaintiff, Daniel E. Bartlett, from an order of the Cattaraugus County Court, entered in the office of the clerk of the county of Cattaraugus on the 22d day of August, 1893, dismissing the plaintiff's appeal from a judgment of a justice of the peace of the town of Ellicottsville, Cattaraugus county, in favor of the defendant.

*E. D. Northrup,* for the appellant.

*G. M. Rider,* for the respondent.

LEWIS, J. :

The plaintiff brought his action in the Justice's Court in Cattaraugus county, and claimed in his complaint as his first cause of action that the defendant was indebted to him for work and services in pressing into bales 280 tons of hay, at the agreed price of $1.75 a ton, and that there became due to him therefor $490 ; that the defendant had not paid any part thereof, except the sum of $300, and that there remained due on account thereof the sum of $190. For his second cause of action he alleged that the defendant was indebted to him in the sum of $39.02 for goods, wares and merchandise sold and delivered to the defendant, and that the defendant had paid thereon the sum of $40, thereby slightly overpaying the same. He demanded judgment against the defendant for $185.04, with interest thereon from the 1st day of December, 1892. The defendant interposed an answer admitting that the plaintiff pressed a quantity of hay for him at the price stated in the complaint, but that the amount was less than 280 tons, and that he had paid the plaintiff, to apply

thereon, divers sums of money, amounting in all to $340, and, for a further answer, alleged that the plaintiff was justly indebted to him for goods furnished, and upon mutual dealings between the parties, in the sum of $110, which was pleaded as a counterclaim, and demanded judgment against the plaintiff for $110. The issue being thus joined the defendant thereupon moved for a discontinuance of the action on the ground that it appeared from the pleadings that the sum total of the accounts and demands of both parties in dispute exceeded the sum of $400, and the justice, against the objections of the plaintiff, granted the motion and dismissed the case, and entered judgment against the plaintiff for costs. The plaintiff served a notice of appeal from the justice's judgment to the County Court of Cattaraugus county, and in said notice demanded a new trial in that court. The defendant thereupon moved the County Court for an order dismissing the appeal on the ground "that the justice before whom the action was commenced had no jurisdiction, and could not take cognizance of the same for the reason that the sum total of the accounts of both parties, proved to the satisfaction of the justice, exceeds $400." The motion was granted and an order entered dismissing the appeal, and from such order the plaintiff appealed to this court. The justice unquestionably erred in dismissing the action, as it will be seen by an examination of the pleadings that the sum total of the accounts of both parties in dispute did not exceed $400; they, in fact, amounted to just $293.04. The justice had no authority to dismiss the action until it was made to appear to him by proof that the amounts in dispute exceeded his jurisdiction.

It is provided by subdivision 4 of section 2863 of the Code of Civil Procedure, that "where, in a matter of account, the sum total of the accounts of both parties, proved to the satisfaction of the justice, exceeds $400.00," the justice cannot take cognizance of the action. He is not ousted of jurisdiction, because the amount claimed in the pleadings may exceed that amount. If that were the case the defendant in every case could oust the justice of jurisdiction by setting up in his answer a claim for more than $400, no matter how fictitious the claim might be. The Code requires, before he shall dismiss the action, that he shall be satisfied by evidence. (*Parker* v. *Eaton*, 25 Barb. 122; *Gluckin* v. *Zeller*, 52 id.

147 ; *Bailey* v. *Stone*, 41 How. 349.) In the absence of any proof in the case, the defendant's counsel succeeded in inducing the justice to dismiss the action, solely upon what he claimed appeared upon the face of the pleadings, and, as we have seen, the pleadings failed to show that the amount involved was beyond the jurisdiction of the justice.

The defendant's counsel contends that the justice, having rendered a judgment of discontinuance, it is conclusive upon the question of the amount involved until it is reversed, and that the only manner provided by the Code for reviewing it is by appeal upon questions of law only. Whether he is right in this contention depends upon the construction which shall be given to provisions of the Code. Section 2950 provides that, "where, upon the trial of an action, the sum total of the accounts of both parties proved to the satisfaction of the justice exceeds $400.00, judgment of discontinuance must be rendered against the plaintiff, with costs."

Section 3068 provides, "where an issue of fact or an issue of law was joined before the justice, and the sum for which judgment was demanded by either party in his pleadings exceeds $50.00 * * * the appellant may, in his notice of appeal, demand a new trial in the appellate court, and thereupon he is entitled thereto." Here, as we have seen, each party did demand judgment for a sum exceeding fifty dollars, so that the case falls within the letter of this section. If a new trial is not demanded in the notice of appeal, then the case is reviewed upon questions of law only. But if a new trial be demanded, then all questions of law and fact are before the appellate court for consideration, and we see no good reason why any embarrassment should arise upon a new trial in the County Court in this case, as it will be quite apparent when the trial comes on from an inspection of the pleadings that the justice, in fact, had jurisdiction of the action.

Had the justice proceeded with the trial and decided upon conflicting evidence that the amount involved did not exceed the limit of his jurisdiction, the defendant unquestionably would have had the right to appeal to the County Court and there try the question over again. If, as contended by defendant's counsel, the justice's judgment can only be reviewed upon an appeal upon questions of law, it follows that there must be in this case four hearings before the

litigation is ended, two in the Justice's Court and two in the County Court. There does not seem to be any occasion for pursuing such a course. The question here presented should not be confounded with a civil action in a Justice's Court to recover damages for an assault and battery, libel or slander, for in that class of actions the justice has no jurisdiction of the subject-matter. Here he had jurisdiction until it was proven upon the trial that the accounts in dispute exceeded the limit mentioned. It does not, therefore, follow because a new trial can be had in the appellate court in this case that a new trial could be had in the other class of actions. In the one case the question of jurisdiction depends, as we have seen, upon the evidence. Not so in the other cases. We are not referred to any case where the precise question here presented has been adjudicated.

In *Crannell* v. *Comstock* (12 Hun, 293) the action was commenced in the Justice's Court, the plaintiff's complaint was for work and materials and the amount claimed by him was $115.50. The defendant pleaded a set-off for goods sold and delivered to the plaintiff to the value of $3,000, for which sum he claimed judgment. Both parties introduced evidence before the justice in support of their respective claims; the defendant recovered a verdict for forty-three dollars and sixty-five cents. An appeal was taken to the County Court for a new trial, and the respondent's counsel, in that court, raised the question as to the jurisdiction of the justice because the total of the accounts exceeded $400. It was held, on an appeal to this court, that the County Court had nothing to do with the question whether the justice erred in holding that he had jurisdiction; that the appeal, not being upon questions of law, it did not bring up the testimony taken before the justice, and that the County Court had no means of determining whether the accounts proved before the justice exceeded $400, and, further, that the appeal brought up the issues of fact joined in the court below to be tried anew in the County Court, and that the jurisdiction of that court, for all purposes of the trial and judgment, was the same as if the action had been commenced in that court originally. The respondent's counsel claims that this is not an authority against him for the reason that the question of jurisdiction was not raised in that case in the Justice's Court, and for that reason cannot be considered

in the appellate court. There is nothing in this contention, for if the justice did not have jurisdiction the consent of the parties would not have given it to him. (*Oakley* v. *Aspinwall*, 3 Comst. 552; *Clyde & Rose Plank Road Company* v. *Parker*, 22 Barb. 323.)

The case of *Kirk* v. *Blashfield* (6 Thomp. & Cook, 509) is not an authority to the contrary. There the justice dismissed the action upon the same ground as in the case at bar, but no appeal was taken from his judgment. The plaintiff commenced a new action in the Supreme Court, and recovering less than fifty dollars, he demanded and was allowed full costs, the court holding that the justice's judgment, not having been reversed, was conclusive upon the question of the jurisdiction of the parties.

We think that the County Court was in error in granting the order appealed from; it should be reversed, with ten dollars costs and disbursements.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Order of the County Court of Cattaraugus county appealed from reversed, with ten dollars costs and disbursements.