Lewis, J. [after stating the facts.]
The justice unquestionably erred in dismissing the action, as it will be seen by an examination of the pleadings that the sum total of the accounts of both parties in dispute did not exceed $400; they, in fact, amounted to just $295.04. The justice had no authority to dismiss-the action until it was made to appear to him by proof that the amounts in dispute exceeded his jurisdiction.
It is provided by subdivision 4 of § 2863 of the Code of Civil Procedure, that “where, in a matter of account, the sum total of the accounts of both parties, proved to the satisfaction of the justice, exceeds $400.00,” the justice cannot take cognizance of the action. He is not ousted of jurisdiction, because the amount claimed in the pleadings may exceed that amount. If that were the case the defendant in every case could oust the justice of jurisdiction by setting up in his answer a claim for more than $400, no matter how fictitious the claim might be. The Code requires, before he shall dismiss the action, that he-shall be satisfied by evidence (Parker v. Eaton, 25 Barb. 122; Glackin v. Zeller, 52 Id. 147; Bailey v. Stone, 41 How. Pr. 349). In the absence of any proof in the case, the defendant’s counsel succeeded in inducing the justice *263 to dismiss the action, solely upon what he claimed appeared upon the face of the pleadings, and, as we have seen,-the pleadings failed to show that the amount involved was beyond the jurisdiction of the justice.
The defendant’s counsel contends that the justice, having rendered a judgment of discontinuance, it is conclusive upon the questipn of the amount involved until it is reversed, and that the only manner provided by the Code for reviewing it is by appeal upon questions of law only. Whether he is right in this contention depends upon the construction which shall be given to provisions of the Code. Section 2950 provides, that “ where, upon the trial of an action, the sum total of the accounts of both parties proved to the satisfaction of the justice exceeds $400.00, judgment of discontinuance must be rendered against the plaintiff, with costs.”
Section 3068 provides, “ where an issue of fact or an issue of law was joined before the justice, and the sum for which judgment was demanded by either party in his pleadings exceeds $50.00 . . . the appellant may, in his notice of appeal, demand a new trial in the appellate court, and thereupon he is entitled thereto.” Here, as we have seen, each party did demand judgment for a sum exceeding fifty dollars, so that the case falls within the letter of this section. If a new trial is not demanded in the notice 'of appeal, then the case is reviewed upon questions of law only. But if a new trial be demanded, then all questions of law and fact are before the appellate court for consideration, and we see no good reason why any embarrassment should arise upon a new trial in the county court in this case, as it will be quite apparent when the trial comes on from an inspection of the pleadings that the justice, in fact, had jurisdiction of the action.
Had the justice proceeded with the trial and decided upon conflicting evidence that the amount involved did not exceed the limit of his jurisdiction, the defendant unquestionably would have had the right to appeal to *264 the county court and there try the qpestion over again. If, as contended by defendant’s counsel, the justice’s judgment can only be reviewed upon an appeal upon questions of law, it follows that there must be in this case four hearings before the litigation is ended, two in the justice’s court and two in the county court. There does not seem to be any occasion for pursuing such a course. The question here presented should not be confounded with a civil action in a justice’s court to recover damages for an assault and battery, libel or slander, for in that class of actions the justice has no jurisdiction of the subject-matter. Here he had jurisdiction until it was proven upon the trial that the accounts in dispute exceeded the limit mentioned. It does not, therefore, follow because a new trial can be had in the appellate court in this case that a new trial could be had in the other class of actions. In the one case the question of jurisdiction depends, as we have seen, upon the evidence. Not so in the other cases. We are not referred to any case where the precise question here presented has been adjudicated,
■v In Crannell v. Comstock (12 Hun, 293), the action was commenced in the justice’s court, the plaintiff’s complaint was for work and materials and the amount claimed by him was $115.50. The defendant pleaded a set-off for goods sold and delivered to the plaintiff to the value of $3,000, for which sum he claimed judgment. . Both parties introduced evidence before the justice in support of their respective claims; the defendant recovered a verdict for $43.65.
. An appeal was taken to the county court. for a new trial, and the respondent’s counsel, in that court, raised the question as to the jurisdiction of the justice because the total of the accounts exceeded $400. It was held, on an appeal to this court, that the county court had nothing to do with the question whether the justice erred in holding that he had jurisdiction; that the appeal, not being upon questions of law, did not bring up the testimony *265 taken before the justice, and that the county court had no means of determining whether the accounts proved before the justice exceeded $400, and, further, that the appeal brought up the issues of fact joined in the court below to be tried anew in the county court, and that the jurisdiction -of that court, for all purposes of the trial and judgment, was the same as if the action had been commenced in that ■court originally. The respondent’s counsel claims that this is not an authority against him for the reason that the question of jurisdiction was not raised in that case in the justice’s court, and for that reason cannot be considered in the appellate court. There is nothing in this -contention, for if the justice did not have jurisdiction the consent of the parties would not have given it to him (Oakley v. Aspinwall, 3 N. Y. 547, 552; Clyde & Rose Plank Road Company v. Parker, 22 Barb. 323).
The case of Kirk v. Blashfield (6 Supm. Ct., T. & C., 509) is not an authority to the contrary. There the justice dismissed the action upon the same ground as in the case at bar, but no appeal was taken from his judgment. The plaintiff commenced a new action in the supreme' court, and recovering less than fifty dollars, he demanded and was allowed full costs, the' court holding that the justice’s judgment, not having been reversed, was conclusive upon the question of the jurisdiction of the parties.
Wc think that the county court was in error in granting the order appealed from ; it should be reversed, with .$10 costs and disbursements.
Dwight, P. J., Haight and Bradley, JJ., concurred.