EDWARD COOK, Respondent, *v.* FRED COOK and WILLIAM
STEVENS, Appellants.

(County Court, Chautauqua County, October, 1907.)

Justices of the Peace — Jurisdiction — Amount in controversy — Determined by plaintiff's demand.

Where the complaint in an action in Justice's Court demands judgment for $300, a judgment rendered in plaintiff's favor for $100 after trial must be reversed, though the question of jurisdiction was not raised in the court below.

APPEAL from a judgment in favor of plaintiff, rendered in a justice's court.

T. W. Schiller, for respondent.

A. F. Jenks, for appellants.

OTTAWAY, J.   This action was brought in Justice's Court. The complaint demanded judgment for the sum of $300. The answer was a general denial.   The defendants demanded a jury and went to trial upon the pleadings.   At the close of the plaintiff's case the defendants moved for a nonsuit upon various grounds suggested by the evidence adduced.   Upon the denial of the motion they rested their case.   They bring this appeal and ask that the judgment be reversed on the ground that the justice had no jurisdiction, the complaint demanding judgment for more than $200. The plaintiff urges that the contention of the defendants should not prevail for the reason that they waived this right by appearing and taking part in the trial without raising the question of jurisdiction at any stage.   He further contends that the appeal should not prevail for the reason that the jury rendered a verdict for only $100, a sum within the jurisdiction of the justice.

The judgment entered upon the verdict of the jury must be reversed.   Section 2861 of the Code of Civil Procedure

provides that a justice of the peace has such jurisdiction in civil actions as is especially conferred upon him by statute, and no other. Setion 2862 of the Code of Civil Procedure provides that a justice of the peace has jurisdiction in an action to recover damages for the breach of a contract where the sum claimed does not exceed $200.

The amount claimed is the test of the jurisdiction of the justice. Parties could not confer jurisdiction upon a justice to try a cause where more than $200 was claimed, consequently there was no waiver by the defendants who appeared and took part in the trial. Ballinger v. Ford, 14 Barb. 250; Dennis v. Crittenden, 42 N. Y. 542.

Judgment is reversed, with costs.