### DALE v. PRENTICE.

(Supreme Court, Appellate Division, Fourth Department. May 6, 1908.)

1. JUSTICES OF THE PEACE—JURISDICTION—DETERMINATION OF AMOUNT INVOLVED.

　　Under Code Civ. Proc. § 2863, subd. 4, providing that a justice of the peace cannot take cognizance of a civil suit where, in a matter of account, the sum total of the accounts of both parties proved to the satisfaction of the justice exceeds $400, a justice has no authority to determine that the total amount of the accounts of parties to an action brought before him exceeds that sum, and that, therefore, he has no jurisdiction except upon proof of that fact, and an inspection of the pleadings is not sufficient.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Justices of the Peace, §§ 157–172.]

2. SAME—NONRESIDENT DEFENDANT.

　　Code Civ. Proc. § 2869, subd. 3, provides that an action must be brought before a justice of a town or city wherein one of the parties resides, or a justice of an adjoining town or city in the same county, except in certain cases, and, where defendant is a nonresident of the county, he may be sued before a justice of the town or city in which he is at the time of the commencement of the action. Held, that a justice of any town has jurisdiction of a defendant who is a nonresident of the county in which the town is situate, provided the defendant is within the town when the action is commenced, though plaintiff be also a nonresident.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Justices of the Peace, §§ 143–147.]

　　Williams and Robson, JJ., dissenting.

Appeal from Wyoming County Court.

Action by James Dale against William A. Prentice. From a judgment of dismissal of a justice of the peace, plaintiff appealed to the county court, which reversed the justice's judgment, and defendant appeals. Affirmed.

The action was commenced before a justice of the peace of the town of Genesee Falls, Wyoming county, on the 4th day of January, 1907, by service of a summons in that town upon the defendant to recover for work, labor,

and services, and for goods sold and delivered. The sum total of the accounts of both parties as appeared by the allegations of the complaint and answer of the respective parties, and the demand of each for judgment exceeded $400. It also appeared that both parties were nonresidents of the county of Wyoming, but were residents of and were actually residing in the town of Portage, Livingston county. On the return day one defendant appeared specially, and objected that the justice did not have jurisdiction of the person of the defendant under section 2869 of the Code of Civil Procedure, both parties being nonresidents of the county of Wyoming. The defendant also objected that the justice did not have jurisdiction of the subject-matter of the action under subdivision 4 of section 2863 of the Code of Civil Procedure, because the sum total of the accounts exceeded $400, and he moved to dismiss the action upon both grounds. The justice held that he had jurisdiction of the defendant notwithstanding both parties were nonresidents of the county of Wyoming, but decided without taking any proof and solely because of the allegations contained in the complaint and answer that the sum total of the accounts of both parties exceeded the sum of $400; that, therefore, he did not have jurisdiction and so dismissed the action, with $3 costs, and entered judgment accordingly. From that judgment an appeal was taken by the plaintiff to the County Court, where it was determined that the justice had jurisdiction both of the person of the defendant and of the subject-matter of the action, and the judgment of the justice was reversed, with $43.65 costs against the defendant, and the judgment, which is the subject of this appeal, was entered. The facts are not in dispute, and the only question presented by this appeal is: Did the justice of the peace have jurisdiction of the person of the defendant; and, if so, was it competent for him to determine that he did not have jurisdiction of the subject-matter of the action solely upon the allegations contained in the complaint and answer, and without it having been "proved to his satisfaction" that the sum total of the accounts of both parties exceeded the sum of $400?

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Charles D. Newton, for appellant.
E. W. Harding, for respondent.

McLENNAN, P. J. A justice of the peace has no authority to determine that the total amount of the accounts of a plaintiff and defendant, parties to an action brought before him, exceeds the sum of $400, and that, therefore, he has no jurisdiction of the action under subdivision 4 of section 2863 of the Code of Civil Procedure, except upon proof to his satisfaction of that fact. Such is the plain language of the section.

In the case at bar the plaintiff alleged, in substance, that the defendant was indebted to him upon an account in the sum of $200, and demanded judgment for that amount, besides costs. The defendant answered that he was not indebted to the plaintiff in any amount because of the matters set forth in the complaint, but, on the contrary, alleged that the plaintiff was owing him upon account $366.25, which he pleaded as a counterclaim, and demanded judgment against the plaintiff for that amount. The plaintiff asserted before the justice, in substance, that not a single item of defendant's alleged counterclaim constituted a valid claim against him, and insisted that the defendant was indebted to him in the sum of $200 over and above all set-offs and counterclaims; so that, if the plaintiff's contention was correct, the sum total of the accounts of both parties did not exceed $400. In like manner, the defendant contended that the sum total of the accounts was rep-

resented by his counterclaim amounting to but $366.25. As we have seen, without taking any proof, the justice decided that the amount of such accounts exceeded $400. When no proof was offered to support the claim or to ascertain the amount of the accounts of either party to the action, we think it cannot be said that it was "proved to the satisfaction of the justice" that the sum total of the accounts of both parties exceeded $400, and that the justice committed error in dismissing the action upon that ground. Glackin v. Zeller, 52 Barb. 147, 149. In the case of Bartlett v. Mudgett, 75 Hun, 292, 27 N. Y. Supp. 56, the rule is stated in the headnote as follows:

"A justice of the peace has no authority to dismiss an action on the ground that the amount in dispute exceeds $400 until it is made to appear to him by proof that the amount in dispute exceeds ·a sum of which he has jurisdiction. He is not ousted of jurisdiction because the amount claimed in the pleadings may exceed that amount."

If, however, the justice of the peace in this case did not have jurisdiction of the person of the defendant, as is contended by counsel, the action was properly dismissed, and it would be of no consequence if such dismissal was placed upon the wrong ground. Whether or not the justice acquired jurisdiction of the person of the defendant depends upon section 2869 of the Code of Civil Procedure. To ascertain its true meaning, all the provisions of the section should be read together. Dodd v. Ecker, 24 App. Div. 613, 616, 48 N. Y. Supp. 690.

We are only concerned with the meaning of subdivision 3 of the section, which provides:

"Where the defendant is a nonresident of the county it may be brought before a justice of the town or city in which he is at the time of the commencement of the action."

In the case at bar, as we have seen, the defendant was a nonresident of the county of Wyoming, wherein the action was brought, but at the time of the commencement of the action he was in said county and in the town of Genesee Falls, and that therein the summons was served upon him. Appellant insists that the justice did not acquire jurisdiction because both the plaintiff and defendant were residents of Livingston county. But that is not the language of the statute. Apparently the only requisite necessary to give a justice of any town jurisdiction of a defendant is that he should be in such town when the summons is served upon him, and should be a nonresident of the county in which such town is located. In such case it is of no consequence in which county the actual residence of the defendant may be. Neither is the residence of the plaintiff of any importance. The general provision of the section declares that:

"An action must be brought before a justice of a town * * * wherein one of the parties resides, * * * except in one of the following cases: [Then four exceptions are specified.]

"(1) Where the defendant has absconded from his residence it may be brought before a justice of the town * * * in which the defendant * * * is at the time of the commencement of the action. [The meaning of this provision is not ambiguous.]

"(2) Where the plaintiff is a nonresident of the county * * * it must be brought in the town where the defendant resides, or in an adjoining town thereto."

This exception adds nothing to the first provision of the section, as there it is provided that the action must be brought in a town where one of the parties resides. So that under either provision a plaintiff may go into any county of the state and sue a defendant where he resides.

The third exception, which is the one over which this controversy arises, has, as it seems to me, no other effect than to permit any plaintiff to bring an action against a defendant in any town in which such defendant may be, provided he is a nonresident of the county in which the town is located. It practically puts such nonresident defendant in the same situation as a defendant who has absconded from his residence. The intention of the Legislature is not very clearly expressed by the section, but, considering all of its provisions, we conclude that it was intended to give a justice of any town jurisdiction of a defendant who is a nonresident of the county in which such town is situate, provided such defendant is within such town at the time of the commencement of the action.

The appellant contends that great hardship would result from such an interpretation of the section; that it would enable a plaintiff, a resident of a particular county, to follow a defendant, also a resident of such county, into another county, a great distance from his residence, and bring an action against him in any town of such distant county where he might temporarily be; that the trial of such action must then take place away from the home of both parties, where it would be impossible to compel the attendance of witnesses, and cause great and unnecessary expense to such defendant. There is much force in the suggestion, but, if an evil exists because of the provisions of the statute, the Legislature only is competent to change it. The court may only interpret and declare the meaning of the language employed. But, on the other hand, suppose appellant's interpretation of the section be adopted, and two nonresidents of a county should meet in one of the towns thereof, and one should purchase of the other $10 worth of produce to be delivered on board cars in such town and agreed to pay for the same when so delivered. The goods so purchased were, we will assume, delivered as agreed, and are carried out of the county, and the purchaser then refuses to pay for the same and asserts that a justice of such town has no jurisdiction of an action brought to enforce such payment; that the vendor's only remedy in such case is to follow the vendee into the county of which he is a resident and into the town where he resides, and bring his action before a justice of that town. We think the Legislature intended that in such a case a justice of the town in which such nonresident defendant "is at the time of the commencement of the action" should have jurisdiction of the defendant, and so notwithstanding the plaintiff was also a nonresident of such county and town. It was not intended that redress in justice's court should be denied to a plaintiff simply because he and the defendant are both nonresidents of the town in which the plaintiff seeks to enforce his rights. No case has been called to our attention in which the precise question involved has been decided. But, upon the language of section 2869 of the Code and upon reason as well, we conclude that

the justice in this case had jurisdiction of the defendant, as well as of the subject-matter of the action.

It follows that the judgment of the County Court should be affirmed, with costs.

Judgment affirmed, with costs. All concur, except WILLIAMS and ROBSON, JJ., who dissent.