BERNARD GIGLIOTTI, Respondent, *v.* JOHN JACKSINA and Another, Appellants.

Fourth Department, October 3, 1923.

Courts — jurisdiction — City Court of Rome — jurisdictional amount under Laws of 1921, chap. 679, § 195, subd. 1, is determined by demand for judgment — plaintiff may waive part in excess of jurisdictional amount — court acquired jurisdiction when summons was served without complaint — complaint demanding more than jurisdictional amount may be amended — failure of plaintiff to prove damages in excess of jurisdictional amount and to ask for relief beyond that amount is waiver — complaint may be corrected on appeal.

The City Court of Rome has jurisdiction of an action under subdivision 1 of section 195 of chapter 679 of the Laws of 1921, which confers jurisdiction when " the sum claimed" does not exceed $500. where it appears that the action was commenced by the service of a summons without a complaint; that the complaint thereafter served demanded damages for $500 with interest, which interest would amount to about thirty-three cents; that no objection was taken on the trial to the jurisdiction of the court; that no proof was made as to the interest, and judgment was not demanded or granted in excess of $500.

Under said statute the amount claimed in the complaint when filed is not the sole test of the jurisdiction of the court, since what the plaintiff claims is eventually to be determined from his demand for judgment when he submits his cause to the court or jury for determination, and if at that time he does not make a demand for an amount in excess of the jurisdictional amount, the court has jurisdiction of the action, since the plaintiff may waive recovery of anything in excess of the jurisdictional amount.

The City Court of Rome acquired jurisdiction when the summons was served, for there was nothing at that time indicating absence of jurisdiction, and it was not ousted of jurisdiction by the fact that the complaint when filed demanded judgment slightly in excess of the jurisdictional amount, for the court had power to amend the complaint to bring the demand within that amount.

The plaintiff's conduct on the trial in making no proof as to the amount of interest on his claim and asking no such relief was an implied waiver of the excess over the jurisdictional amount, and if his failure to make a motion to amend the complaint constitutes a defect, it is one that may be corrected by the Appellate Division.

APPEAL by the defendants, John Jacksina and another, from a judgment of the County Court of the county of Oneida, entered in the office of the clerk of said county on the 24th day of January, 1923, affirming a judgment of the City Court of Rome in favor of the plaintiff.

*S. E. Spinning,* for the appellants.

*Arthur S. Evans,* for the respondent.

DAVIS, J.:

The only question requiring consideration in this court is whether the City Court of Rome had jurisdiction of the controversy between the parties.

The summons was duly issued and on July 27, 1922, was served on the defendant. A complaint verified on the following fifth day of August was filed at a date not given in the record. The defendants interposed an unverified answer and the issues were tried before a jury on August 15, 1922, resulting in a verdict for plaintiff of $500 upon which judgment was entered.

The complaint was for commissions in selling real estate. The demand for judgment therein was for $500 with interest from August 1, 1922. The interest would amount to about thirty-three cents. No objection was taken on the trial to the jurisdiction of the court. No proof was made as to the interest, and there was no express waiver thereof, nor was the complaint amended.

The defendants' counsel raised the question of jurisdiction for the first time on the appeal to the County Court, and again argues it here. He contends that the amount in controversy exceeded the statutory limitation on the court in such actions.

Inferior courts, both of record and not of record, are limited in their jurisdiction as to the subject-matter of the action the residence of the parties, the civil divisions in which process may be legally served, and the amount in controversy. As to the last-mentioned limitation there is some confusion in the authorities which arises largely from the constitutional or statutory provisions limiting jurisdiction. County Courts by article 6, section 14, of the Constitution and by section 67, subdivision 3, of the Civil Practice Act are limited in their jurisdiction as to the amount in controversy to actions wherein the complaint demands judgment for a sum of money only not exceeding $2,000. The Municipal Court of the City of New York has jurisdiction in such actions where the amount claimed in the summons does not exceed $1,000 exclusive of interest and costs. (N. Y. City Mun. Court Code, § 6, subd. 1.) The City Court of the City of New York has similar jurisdiction in actions where the complaint demands judgment for a sum of money only, and the sum for which judgment is rendered in favor of the plaintiff cannot exceed $2,000 exclusive of interest and costs. (N. Y. City Court Act, § 18, subd. 1; Id. § 19, subd. 1.) A justice of the peace has jurisdiction in a civil action upon a breach of a contract express or implied, other than a promise to marry, where the sum claimed does not exceed $200. (Justice Court Act, § 3, subd. 1.) In chapter 679 of the Laws of 1921 (An Act to revise the charter of the city of Rome) section 195, subdivision 1, confers jurisdiction upon the City Court in similar actions when the sum claimed does not exceed $500.

The test as to jurisdiction in such actions depends upon the

language used in the limitation. As already pointed out, in County Cour+s the test is the amount demanded in the complaint. Where the summons is served with a complaint which demands judgment in excess of $2,000, the County Court has no jurisdiction and no power to allow the plaintiff to amend by reducing the amount of damages demanded to $2,000 (*Heffron* v. *Jennings,* 66 App. Div. 443); and this is true although the excess may be a demand for interest. (*Halpern* v. *Langrock Bros. Co.,* 169 App. Div. 464; *Mansson* v. *Nostrand,* 183 id. 371.)

In the Municipal Court of the City of New York the test is the amount fixed in the summons, and in the City Court of the City of New York, the amount for which judgment may be rendered.

In the courts held by a justice of the peace and courts like the City Court of Rome, there is a still different test, to wit, " the sum claimed." The statute does not say explicitly when or where the test as to the sum claimed is to be applied. In such courts the pleadings may be oral or written (Justice Court Act, § 127; Rome City Charter, §§ 201, 210), and may be amended at any time before or during the trial or upon appeal if substantial justice will be promoted thereby. (Justice Court Act, §§ 157, 460; Rome City Charter, § 201.) In actions where a summons has been served with no accompanying complaint and the court has thereby acquired jurisdiction, the amount claimed in the complaint when filed is not the sole test in such courts. What plaintiff actually claims is to be determined partly from his complaint, partly from his proof, but eventually from his demand for judgment when he submits his cause to the court or jury for determination. He is not concluded, therefore, by a mere casual or inadvertent statement in his demand for judgment in the complaint of an amount in excess of jurisdiction. Even though it appears therein or by his proof that in some respects his claim exceeds the limits of jurisdiction, he may waive recovery of the excess. (*Bowditch* v. *Salisbury,* 9 Johns. 366; *Putnam* v. *Shelop,* 12 id. 435; *Rockwell* v. *Perine,* 5 Barb. 573; *Hamburger* v. *Hellman,* 103 App. Div. 263, 266; *People ex rel. Evarts* v. *Municipal Court,* 162 id. 477; affd., 212 N. Y. 595.) Likewise, a defendant may not by interposing an answer containing a counterclaim exceeding the limit of the court's jurisdiction, thereby deprive the court of jurisdiction in the absence of satisfactory proof that his claim is genuine. (*Dale* v. *Prentice,* 126 App. Div. 137.)

The court acquired jurisdiction when the summons was served for there was nothing at that time indicating absence of jurisdiction. It could not be ousted of jurisdiction by the fact that the complaint when filed demanded judgment slightly in excess

of the limited amount, for having acquired jurisdiction the court had power to amend the complaint if it demanded judgment for too large an amount. (*Van Clief* v. *Van Vechten,* 130 N. Y. 571.) If the complaint is served with the summons, or where it clearly appears that the plaintiff is seeking to recover a sum in excess of the court's jurisdiction, a different rule may apply. (*Bellinger* v. *Ford,* 14 Barb. 250; *Smith* v. *Dunn,* 46 Misc. Rep. 475; *Pierson* v. *Hughes,* 88 N. Y. Supp. 1059; *Cook* v. *Cook,* 56 Misc. Rep. 249.)

The plaintiff's conduct on the trial in making no proof as to the amount of interest on his claim and asking no such relief, we think is an implied waiver; and that his failure to make a formal motion to amend the complaint through inadvertence if an omission or defect, is one that may be corrected or supplied here. (Civ. Prac. Act, § 105; Justice Court Act, §§ 157, 451; Rome City Charter, § 201.)

The judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed, with costs.