CENTRAL PARK-WEST 84th STREET CORPORATION, Plaintiff, *v.*
———— CUSACK, Defendant.

City Court of New York, February 24, 1927.

Courts — jurisdiction — City Court of City of New York — City Court
Act of 1926 (Laws of 1926, chap. 539), § 16, limits jurisdiction of that
court to actions for recovery of money in which complaint demands
judgment for sum not exceeding $3,000 and interest — court is without
power to amend complaint so as to bring demand for judgment within
jurisdictional limitation.

Section 16 of the City Court Act of the City of New York (Laws of 1926, chap.
539) providing that the City Court of the City of New York shall have juris-
diction " in actions for the recovery of money only, in which the complaint
demands judgment for a sum not exceeding $3,000 and interest," limits the
jurisdiction of .that court to the amount demanded in the complaint and the
court is without power to amend the complaint so as to bring the demand for
judgment within the jurisdictional limitation.

Accordingly, plaintiff's complaint which was served after the 1926 act became
effective, demanding a money judgment for $3,228.33, with interest, must be
dismissed for lack of jurisdiction, and plaintiff's motion to amend said complaint
so as to reduce the demand for judgment to the sum of $3,000, exclusive of
interest, must be denied.

MOTION by defendant to dismiss the complaint for lack of
jurisdiction and cross-motion by plaintiff to amend the complaint.

————————————— for the plaintiff.

————————————— for the defendant.

SHIENTAG, J. The action was commenced by the service of
a summons and complaint after January 1, 1927, when the new New
York City Court Act (Laws of 1926, chap. 539) took effect. The
complaint demands a money judgment for the sum of $3,228.33,
with interest. The defendant moves to dismiss upon the ground
that the court has no jurisdiction of the subject of the action.
The plaintiff makes a cross-motion to amend his complaint, so as
to reduce the demand for judgment to the sum of $3,000, exclusive
of interest. Under the former New York City Court Act, the court
had jurisdiction of an action wherein the complaint demanded judg-
ment for a sum of money only, regardless of the amount demanded;
the limitation upon the jurisdiction being that the judgment ren-
dered in favor of the plaintiff could not exceed the sum of $2,000,
exclusive of interest and costs. (New York City Court Act of 1920,
§§ 18, 19; Laws of 1920, chap. 935.) Under the new New York City
Court Act, adopted pursuant to the amendment of the judiciary
article of the Constitution, approved at the general election of 1925,

it is provided that the court shall have jurisdiction " * * * in actions for the recovery of money only, * ·* * in which the complaint demands judgment for a sum not exceeding three thousand dollars ($3,000) and interest." (N. Y. Const. art. 6, §§ 11, 15; New York City Court Act of 1926, § 16.

Under the former act, therefore, the test of jurisdiction was the amount for which judgment is rendered; under the new act, the test of jurisdiction is the amount demanded in the complaint. The language of the new City Court Act on this point is substantially similar, except as to amount, to that which formerly defined the jurisdiction of the old County Courts to extend, among other things, to actions wherein the complaint demands judgment for a sum of money only not exceeding $2,000. (Code Civ. Proc. § 340, subd. 3.) In construing that provision, the courts have repeatedly held that the County Court was entirely without jurisdiction where the complaint demanded judgment for a sum in excess of $2,000, and that the court was without power to amend the complaint so as to bring the demand for judgment within the jurisdictional limitation. (*Heffron* v. *Jennings*, 66 App. Div. 443; *Mansson* v. *Nostrand*, 183 id. 371; *Halpern* v. *Langrock Bros. Co.*, 169 id. 464; *National Surety Co.* v. *Rosenberg*, 158 id. 896; *Hamburger* v. *Hellman*, 103 id. 263, 266; *Howard Iron Works* v. *Buffalo Elevating Co.*, 176 N. Y. 1; *Gigliotti* v. *Jacksina*, 206 App. Div. 368; *Van Clief* v. *Van Vechten*, 130 N. Y. 571.) Thus in *Heffron* v. *Jennings* (*supra*) the court said: " Clearly, therefore, the action is one in which the complaint demands judgment for a sum exceeding $2,000, and consequently it is one of which, within the express provision of both the Constitution and statute, the court acquired no jurisdiction for any purpose whatever."

A motion to amend the complaint so as to reduce the amount demanded to $2,000 was denied. That decision is cited with approval in *Hamburger* v. *Hellman* (*supra*). In *Mansson* v. *Nostrand* (*supra*) the court said (at p. 372): " It has been repeatedly held by the courts of this State since 1894 that the demand of the complaint for judgment is the test of jurisdiction; that where such demand exceeds $2,000 (although such excess consists of interest demanded upon that sum only) a County Court is without jurisdiction, and that the question of jurisdiction, although not presented at any stage before judgment, does not estop the defendant from raising it on appeal."

As late as October, 1923, the court, in *Gigliotti* v. *Jacksina* (*supra*) said (at p. 369): " The test as to jurisdiction in such actions depends upon the language used in the limitation. As already pointed out, in County Courts the test is the amount demanded in the complaint.

Where the summons is served with a complaint which demands judgment in excess of $2,000, the County Court has no jurisdiction and no power to allow the plaintiff to amend by reducing the amount of damages demanded to $2,000 [citing case]; and this is true although the excess may be a demand for interest."

In the face of these decisions and in the light of the changed provision of the new New York City Court Act, referred to earlier in the opinion, the questions presented by the pending motions can no longer be regarded as open ones in this State.

Motion to dismiss complaint for lack of jurisdiction granted. Motion to amend complaint denied.   Orders signed.