DAVID McCONNELL, Respondent, Appellant, *v.* WILLIAMS STEAMSHIP COMPANY, INC., and AMERICAN MERCHANT MARINE STEAMSHIP CORPORATION, Appellants, Respondents.

Supreme Court, Appellate Term, First Department, February 9, 1933.

*Lucien V. Axtell,* for the plaintiff.

*C. B. Dunham* [*James A. Gray* of counsel], for the defendants.

LYDON, J. This case was here on a former appeal by defendants from an order denying their motion to dismiss the complaint for lack of jurisdiction of the subject-matter of the action (143 Misc. 426). The complaint then stated two causes of action and demanded judgment for $20,000 on the first and $5,000 on the second. Plaintiff's theory was that the causes of action were founded upon an assault and battery committed on board a vessel in the merchant service by members of the crew and for which the owners were liable. On that theory the City Court would have had jurisdiction of the action (City Court Act, §§ 16, 17).

We held that the complaint must be read as stating a case resting upon negligence of the defendants in the employment of the crew and otherwise. Hence we concluded that the case was not one of assault and battery, for which defendants might have been chargeable under the doctrine of *respondeat superior* and of which the City Court would have had jurisdiction irrespective of the amount demanded as damages, but that it was a complaint for damages for common-law negligence of which the City Court had no jurisdiction because a judgment in excess of $3,000 was demanded. We accordingly reversed the order appealed from, with costs, and granted the motion to dismiss, with costs, and gave leave to plaintiff to amend on payment of the costs so awarded.

Pursuant to the terms of our order plaintiff has amended his complaint. He first states a cause of action for assault and battery, leaving out all previous allegations of negligence. He puts his damages at $25,000.

He then states a second cause of action in which he repeats the allegations of the first count and adds the allegation of negligence which had been contained in the original complaint. But he reduces his demand for damages under this count to $3,000 instead of the $20,000 demanded in the original complaint.

He then adds a third cause of action for maintenance and cure for which he asks $3,000 in the event that he fail under the other causes of action.

The second and third causes of action now pleaded are the same

as the causes of action set up in the original complaint, but the damages asked are reduced from $20,000 and $5,000, respectively, to $3,000 in each case.

The first cause of action now pleaded did not appear at all on the original complaint as we construed it.

Defendant moved to strike out the first cause of action in the amended complaint on the ground that it appeared on the face of the complaint that that cause of action had accrued more than three years prior to the amendment of the complaint and so was barred by the Statute of Limitations. This motion was denied.

Defendant further moved to strike out the second and third causes on the ground that the court had no power to allow such amendments of the causes of action originally pleaded. This part of the motion was granted.

We think that the motion, in so far as it was directed against the first cause of action, should have been granted. That cause of action sought, for the first time, to hold defendants liable for the wrongdoing of their servants in the course of their employment. It was an action for an assault and battery for which the defendants were charged with liability on the theory of *respondeat superior*. It was an entirely different cause of action, depending upon different facts, from the cause of action for common-law negligence originally pleaded and which rested upon the negligence of the defendants rather than upon the wrongdoing of their servants for which the defendants were to be charged as their masters. The Statute of Limitations had run against this new cause of action when it was first pleaded by amendment of the complaint, and the statute was a good defense. (*Harriss* v. *Tams*, 258 N. Y. 229; *Birks* v. *United Fruit Co., Inc.,* 48 F. [2d] 656.)

On the other hand, we think that so much of the motion as was directed against the second and third causes of action should have been denied.

It is contended that since the same causes of action had been previously pleaded and had been held to be beyond the jurisdiction of the court, they cannot now be amended by reducing the demands for damages. (*Central Park-West 84th Street Corporation* v. *Cusack,* 130 Misc. 770.) It may be that if the point had been called to our attention on the former appeal we might have felt bound to dismiss the action absolutely, on the ground that the court had not acquired jurisdiction for any purpose. But we did not do so. Our order held the complaint bad but allowed plaintiff to amend on payment of costs. There was no attempt to review the order. Both parties acquiesced in it and the complaint was amended pursuant to the leave granted. We think it is now too late for defendants to question

the right to amend on the ground that the court had no power to allow the amendments. Our order allowing amendment having been acquiesced in by both sides and having been acted upon must be regarded as settling the law of the case.

Order reversed and motion granted as to the first cause of action and denied as to the second and third causes of action.

All concur; present, LYDON, FRANKENTHALER and UNTERMYER, JJ.